BN1 TELECOMMUNICATIONS, INC., Appellee,

v.

CYBERNET COMMUNICATIONS, INC., Appellant.

[Cite as *BN1 Telecommunications, Inc. v. Cybernet Communications, Inc.* (1997), 118 Ohio App.3d 851.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 71342.

Decided March 31, 1997.

852

*John B. Wirtz,* for appellee.

*Jeffrey A. Stone,* for appellant.

*Per Curiam.*

An accelerated appeal is authorized pursuant to App.R. 11.1 and Loc. App.R. 25. The purpose of an accelerated docket is to allow an appellate court to render a brief and conclusionary decision. *Crawford v. Eastland Shopping Mall Assn.* (1983), 11 Ohio App.3d 158, 11 OBR 240, 463 N.E.2d 655; App.R. 11.1(E).

In the case *sub judice,* defendant-appellant Cybernet Communications, Inc. ("Cybernet"), appeals from the denial of its motion for relief from judgment pursuant to Civ.R. 60(B)(4).[1] No evidentiary hearing was conducted by the trial court on this motion for relief from judgment. For the reasons adduced below, we reverse the judgment of the trial court and enter judgment in favor of Cybernet.

A review of the record on appeal indicates that plaintiff-appellee BN1 Telecommunications, Inc. ("BN1") provided long-distance telephone services to Cybernet. Thereafter, Cybernet complained about the service provided by BN1. BN1 allegedly agreed to adjust Cybernet's billing account to compensate for the allegedly poor service. These account adjustments never materialized. Thereafter, on May 19, 1995, BN1 filed suit to collect the overdue account, seeking damages in the amount of $11,344.05. Cybernet filed its answer on July 24, 1995.

On December 28, 1995, the trial court referred the case to arbitration. The arbitration hearing was conducted on April 23, 1996, at which time the arbitration

---

1. Civ.R. 60(B)(4) provides in pertinent part the following:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: * * * (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application * * *. The motion shall be made within a reasonable time * * *."

panel made an award in favor of BN1 in the amount of $10,238.30 on the overdue account. Defense counsel, but not the defendant-client, attended the arbitration hearing. No objections to the arbitration award were filed by Cybernet. This award was then affirmed by the trial court on May 29, 1996. Cybernet filed its motion for relief from judgment on July 25, 1996. Cybernet filed a brief in opposition to relief on August 5, 1996, with no evidentiary support attached. The trial court, without the benefit of an evidentiary hearing, denied the motion for relief on September 3, 1996, without opinion, using a half-sheet status form entry. This timely appeal on the accelerated docket from that denial of relief from judgment followed.

The sole assignment of error provides:

"The trial court committed reversible error in denying appellant's motion for relief from judgment pursuant to Civ.R. 60(B)(4) because there had been an accord and satisfaction between the parties pursuant to the provisions of R.C. 1303.40, 'accord and satisfaction by use of instrument,' before the trial court entered judgment."

The basis of the motion for relief from judgment stems from an alleged accord and satisfaction of the disputed debt represented by the overdue account. The statute which governs this issue is R.C. 1303.40 (effective August 19, 1994), which provides:

"If a person against whom a claim is asserted proves that that person in good faith tendered an instrument to the claimant as full satisfaction of the claim, that the amount of the claim was unliquidated or subject to a bona fide dispute, and that the claimant obtained payment of the instrument, all of the following apply:

"(A) Unless division (B) of this section, applies, the claim is discharged if the person against whom the claim is asserted proves that the instrument or an accompanying written communication contained a conspicuous statement to the effect that the instrument was tendered as full satisfaction of the claim.

"(B) Subject to division (C) of this section, a claim is not discharged under division (A) of this section if either of the following applies:

"(1) The claimant, if an organization, proves both of the following:

"(a) Within a reasonable time before the person against whom the claim is asserted tendered the instrument to the claimant, the claimant sent a conspicuous statement to the person that communications concerning disputed debts, including an instrument tendered as full satisfaction of a debt, are to be sent to a designated person, office, or place.

"(b) The instrument or accompanying communication was not received by that designated person, office, or place.

"(2) The claimant, whether or not an organization, proves that within ninety days after payment of the instrument, the claimant tendered repayment of the amount of the instrument to the person against whom the claim is asserted. Division (B)(2) of this section does not apply if the claimant is an organization that sent a statement complying with division (B)(1) of this section.

"(C) A claim is discharged if the person against whom the claim is asserted proves that within a reasonable time before collection of the instrument was initiated, the claimant, or an agent of the claimant having direct responsibility with respect to the disputed obligation, knew that the instrument was tendered in full satisfaction of the claim."

■ Attached to the motion for relief from judgment was a photocopy, authenticated by an attached affidavit, of a draft, numbered 2079 and dated April 9, 1996, from Cybernet and made payable to BN1 in the amount of $1,105.75.[2] On the face of this draft, in a separate box titled "Description," is the handwritten phrase "acct paid in full acct #12162341800," which represents the customer number of Cybernet as used by BN1 on the overdue account. In another separate box on the face of the draft, titled "Explanation," is the handwritten phrase "Balance paid." The back of this draft indicates that the instrument was negotiated by BN1 on April 15, 1996, eight days prior to the arbitration hearing. Also attached to this motion was the affidavit of Cybernet's president, Davis Antestenis, who (1) authenticated the photocopy of the draft, (2) detailed the disputed account with BN1, and (3) averred that BN1 did not comply with R.C. 1303.40(B)(1)(a) or (B)(2). Cybernet argues that the negotiation of the draft, without an accompanying reservation of rights by the creditor, BN1, represents an accord and satisfaction of the disputed amount for the amount indicated by the draft.

The standard of review relative to these assignments was recently provided in *Caraballo v. Wright* (Mar. 2, 1995), Cuyahoga App. No. 66971, unreported, at 4–5, 1995 WL 92154, where, citing *Acme Music & Vending, Inc. v. Buccaneer Lanes, Inc.* (Sept. 30, 1994), Trumbull App. No. 93–T–5001, unreported, 1994 WL 587736, and *E. Ohio Gas Co. v. Walker* (1978), 59 Ohio App.2d 216, 13 O.O.3d 234, 394 N.E.2d 348, the following was stated:

■ "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate (1) that the party has a meritorious defense or claim to present if relief is granted, (2) that the party is entitled to relief under one of the grounds

2. Appellee suggests, both in its brief in opposition to relief from judgment and in its appellate brief, that this draft was made known to the arbitration panel. Given that the damages prayed for minus the amount of the draft equals the amount of the arbitration award ($11,344.05 − $1,105.75 = $10,238.30), it would appear that this suggestion has substance.

stated in Civ.R. 60(B)(1) through (5), and (3) that the motion is made within a reasonable time. *GTE Automatic Elec. v. ARC Industries* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113. The motion is addressed to the sound discretion of the trial court, and a ruling on a motion will not be disturbed on appeal absent a showing of an abuse of discretion. *Griffey v. Rajan* (1987), 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 [1123–1124]. An abuse of discretion connotes more than an error of judgment, but rather, indicates an attitude on the part of the court that is unreasonable, unconscionable or arbitrary. *Wilmington Steel Products, Inc. v. Cleveland Elec. Illum. Co.* (1991), 60 Ohio St.3d 120, 122, 573 N.E.2d 622 [624–625].

■ "In order to merit a hearing and prevail, a motion under Civ.R. 60(B) must comply with the requirements for all motions as set forth under Civ.R. 7(B); it must be accompanied by a memorandum of facts and law, and evidentiary materials containing operative facts which would warrant relief under the rule must be attached. *Angel v. Angel* (Feb. 18, 1993), Scioto App. No. 92CA2071, unreported, at 5, 1993 WL 49456; *Sykes Constr. Co., Inc. v. Maple Wood Care, Inc.* (May 3, 1991), Portage App. No. 90–P–2218, unreported, at 3, 1991 WL 70795; *Adomeit v. Baltimore* (1974), 39 Ohio App.2d 97, 68 O.O.2d 251, 316 N.E.2d 469; 2 Klein, Browne and Murtaugh, Baldwin's Ohio Civil Practice (1988), 106–107, T 53.05(A) and (B)."

The quality of operative facts which must be demonstrated by the movant to warrant relief was defined in *E. Ohio Gas Co. v. Walker, supra,* 59 Ohio App.2d 216, 13 O.O.3d 234, 394 N.E.2d 348, at syllabus, as follows:

"The allegation of operative facts required in order to prevail upon a motion for relief from judgment pursuant to Civ.R. 60(B) must be of such evidentiary quality as affidavits, depositions, answers to interrogatories, written admissions, written stipulations, or other sworn testimony. Unsworn allegations of operative facts contained in a motion for relief from judgment filed under Civ.R. 60(B) or in a brief attached to the motion are not sufficient evidence upon which to grant a motion to vacate judgment."

■ Applying the standard of review to the facts before us, Cybernet's motion met the three basic *GTE* elements. It is also clear that the draft was conspicuously intended to be payment in full satisfaction of the disputed debt. It is equally clear that BN1 negotiated the draft without a reservation of rights and without complying with the protections afforded a creditor by R.C. 1303.40. As a matter of law, the claim was discharged, and the trial court abused its discretion in not granting the motion for relief from judgment. Accordingly, the trial court order of May 29, 1996, affirming the award of the arbitrators in the amount of

$10,238.30, is vacated, and judgment is entered in favor of defendant on the basis of an accord and satisfaction.

*Judgment accordingly.*

JAMES D. SWEENEY, C.J., DYKE and SPELLACY, JJ., concur.