Plaintiffs-appellants Cleveland Excavating, Inc. and Robert Otto Carson appeal from the trial court's decision to grant the motion for relief from judgment filed by Defendant-appellee Elyria Savings Trust National Bank (EST).
The original action filed in the Cuyahoga County Court of Common Pleas by the appellants sought recovery from the appellee for a check drawn on the Mahoning National Bank by Charniga Plumbing and made payable to Tony Riolo, Sam Riolo dba B. Enterprises, Robert Otto Carson-Cleveland Excavating Agent, and A R Trucking. The appellants alleged that the appellee cashed this check without the endorsement of Appellant Carson and with an endorsement of Appellant Cleveland Excavating, Inc. which had been forged.
On September 22, 1992, the trial court issued an order granting the appellants' motion for summary judgment on count one of the complaint, denying the appellants' motion for summary judgment on count two of the complaint, and granting the appellee's motion on count two of the complaint. In an order docketed October 19, 1992, the trial court granted judgment for the appellants for the sum of $9,000 on count one of the complaint. On November 12, 1992, the trial court issued another order granting judgment to the appellee on its motion for partial summary judgment as to count two of the complaint.
On April 17, 1997, the appellee filed its motion for relief from judgment and to mark judgment satisfied. The appellee alleged that on October 16, 1992, after the judgment was entered, it issued a cashier's check payable to B. Enterprises, Riolo, A 
R and the appellants. This check was sent to Mr. Carson. Subsequently, Mr. Carson deposited this check in an account at the First National Bank of Chicago, in Chicago, Illinois. A third suit was filed by Sam Riolo against Cleveland Excavating, Carson, Tony Riolo, A R Trucking and Elyria Savings Trust, Common Pleas Case number 259409. The money deposited in Chicago was returned to and held by EST. The money was allocated in a settlement agreement between Sam Riolo, Cleveland Excavating, and Carson.
The trial court held a hearing on the motion, but heard only oral arguments from counsel. Although the court received no sworn testimony or other evidence, Mr. Carson, upon questioning, did not deny that he received funds from the settlement agreement. Subsequently, the court granted the appellee's requested relief from judgment.
The appellants set forth four assignments of error, but only the first need be addressed. The remaining assignments of error become moot under App.R. 12.
The appellants' first assignment of error:
 THE TRIAL COURT ERRED IN GRANTING THE DEFENDANT/APPELLEE' S RULE 60 (B) MOTION.
In the first assignment of error, the appellants argue that the exhibits filed by appellee to support the Civ.R. 60 (B) motion were not properly authenticated; that there are still two parties to the check who did not sign the settlement agreement; and that no proper evidence was admitted at the hearing.
In order to prevail on a motion brought pursuant to Civ.R. 60 (B), the movant must demonstrate the following: 1) the party has a meritorious defense or claim to present if relief is granted; 2) the party is entitled to relief under one of the grounds stated in Civ.R. 60 (B) (1) through (5); and, 3) the motion is made within a reasonable time, and, where the grounds for relief are Civ.R. 60 (B) (1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken. MedinaSupply Co. v. Corrado (1996), 116 Ohio App.3d 847, citing to GTEAutomatic Elec. Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146. The motion is addressed to the sound discretion of the trial court, and a ruling will not be disturbed on appeal absent a showing of an abuse of discretion. BN1 Telecommunication, Inc.v. Cybernet Communications (1997), 118 Ohio App.3d 851. An abuse of discretion connotes more than an error in judgment, but rather, indicates an attitude on the part of the court that is unreasonable, unconscionable or arbitrary. BN1, supra, citing toWilmington Steel Products, Inc. v. Cleveland Elec. Illum. Co.
(1991), 60 Ohio St.3d 120. In fact, Civ.R. 60 (B) is a remedial rule to be liberally construed so that the ends of justice may be served. Kay v. Glassman (1996), 76 Ohio St.3d 18.
In Wurzelbacher v. Kroeger (1974), 40 Ohio St.2d 90, the court noted that F.R.C.P. 60 (b) (5) contains language identical to Civ.R. 60 (B) (4). Courts interpreting the federal rule have applied a liberal construction in favor of avoiding the continued enforcement of inequitable judgment. The court held that Civ.R. 60 (B) (4) should be construed to provide relief from a judgment which has clearly become inequitable due to subsequent events.
The Supreme Court has also held that "If the movant files a motion for relief from judgment and it contains allegations of operative facts which would warrant relief under Civil Rule 60 (B), the trial court should grant a hearing to take evidence and verify these facts before it rules on the motion." Kay, supra,
citing Coulson v. Coulson (1983), 5 Ohio St.3d 12.
In the case sub judice, the trial court erred when it heard oral argument from counsel, but did not otherwise take evidence and verify the facts before it.
The appellants' first assignment of error is well taken.
Judgment reversed and remanded.
Judgment below is stayed pending an evidentiary hearing.
This cause is reversed and remanded. Judgment below is stayed.
It is, therefore, considered that each party is to bear its own costs.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
TIMOTHY B. McMONAGLE, P.J. and MICHAEL J. CORRIGAN, J.CONCUR.
 ___________________________________ JAMES D. SWEENEY JUDGE
N.B. This entry is an announcement of the court's decision. See App.R. 22 (B), 22 (D) and 26 (A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22 (E) unless a motion for reconsideration with supporting brief, per App.R. 26 (A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22 (E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).