Plaintiff-appellant, Debra B. Gore, appeals the judgment of the Cuyahoga County Court of Common Pleas denying her Civ.R. 60(B) motion for relief from judgment. For the reasons that follow, we reverse the judgment of the trial court and enter judgment in favor of appellant.
On March 25, 1995, appellant injured her knee while in the employ of defendant-appellee, First National Supermarkets, Inc., a self-insured employer for workers' compensation purposes. Appellant's workers' compensation claim regarding her injury was allowed for left and right knee contusion, right lateral epicondylitis. Subsequently, appellant moved to have the claim additionally allowed for major depression recurrent severe without psychotic features. Appellant's motion for additional allowance was denied throughout the administrative process.
On December 9, 1998, appellant filed an appeal pursuant to R.C. 4123.512 from the order of the Industrial Commission of Ohio denying the allowance of the additional condition to the Cuyahoga Court of Common Pleas.
Before the matter went to trial, the parties engaged in settlement negotiations. Prior to trial, counsel for appellant notified the trial court that the case had been settled. On May 26, 1999, the trial court issued an order indicating that the matter was settled and dismissed with prejudice, with a final entry to follow.
On June 14, 1999, appellant filed a Civ.R. 60(B) motion for relief from judgment. In her motion, appellant asserted that she did not realize until the settlement documents were forwarded to her by appellee that the settlement was predicated upon release of all of her workers' compensation claims, rather than only the additional allowance for a psychiatric condition. Therefore, appellant asserted, there was no meeting of the minds between the parties and a mistake of fact concerning the agreement and consequently, the trial court had been erroneously informed that the matter was settled.
Appellant further asserted that because she did not intend to settle all of her workers' compensation claims, her motion, which was served upon appellee, was written notice pursuant to R.C.4123.65 that she was withdrawing her consent to the settlement.[1]
Because appellant had determined that she wished to proceed at the Industrial Commission with the allowed portions of her claim, rather than pursue the court case regarding the additional allowance, appellant requested that the trial court vacate its judgment entry dismissing the case with prejudice and enter an order dismissing the case without prejudice pursuant to Civ.R. 41. No affidavit in support of appellant's allegations was attached to appellant's motion.
On July 13, 1999, the trial court entered an order denying appellant's motion for relief from judgment as plaintiff did not submit an affidavit as required by the Civil Rules.
On August 12, 1999, appellant filed a second motion for relief from judgment. This motion set forth the same allegations of operative facts as in the first motion but also included an affidavit from appellant which stated, in its entirety:
 1) I am the Claimant in Claim No. 95-365413. I am the Plaintiff in Case No. 317643.
 2) I understand that a part of my workers' compensation was recognized and part was denied. I agreed to a settlement of the denied part of the claim. I did not agree to a settlement of the recognized part of the claim.
 3) Upon receipt of the settlement papers, I realize[d] that my entire claim was being settled. This was not my understanding.
 4) I do not wish to settle the part of Claim No. 95-365413 that has been recognized for: lateral humeral epicondylitis, right elbow; contusion and patellofemoral instability and malalignment, right and left knee. I would agree only to a settlement of the denied part of my claim involving: severe depression.
The trial court denied appellant's second motion for relief from judgment on August 30, 1999 without explanation. Appellant timely appealed, assigning one assignment of error for our review:
 I. THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO HOLD A HEARING ON PLAINTIFF'S REQUEST FOR RULE 60(B) RELIEF WHERE THERE WAS NO MEETING OF THE MINDS BETWEEN THE PARTIES AS TO THE TERMS OF THE SETTLEMENT AND WHERE R.C. 4123.65(C) ALLOWS THE PARTIES THIRTY DAYS TO WITHDRAW THEIR AGREEMENT TO SETTLE A WORKERS' COMPENSATION CLAIM.
Appellant contends that the trial court erred in denying her Civ.R. 60(B) motion for relief from judgment without an evidentiary hearing for two reasons: 1) there was no meeting of the minds between the parties concerning the terms of the agreement and, therefore, the settlement agreement was not binding; and 2) even if there were a meeting of the minds, R.C. 4123.65(C) gives either party to a workers' compensation settlement agreement thirty days to withdraw their consent to the agreement.
A trial court is authorized to vacate its judgment under Civ.R. 60(B), which provides: * * * On motion and upon such terms as are just, the court may relieve a party * * * from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; * * * or (5) any other reason justifying relief from judgment.
To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds for relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken. GTE Automatic Elec. v. ARC Industries (1976),47 Ohio St.2d 146, paragraph two of the syllabus. Although relief from judgment under Civ.R. 60(B) is within the discretion of the trial court, a trial court abuses its discretion if it denies such relief where the movant has demonstrated all three factors. SeeMount Olive Baptist Church v. Pipkins Paints Home ImprovementCtr., Inc. (1979), 64 Ohio App.2d 285.
To merit Civ.R. 60(B) relief, a movant must set forth operative facts which would warrant relief from judgment. BN1Telecommunications, Inc. v. Cybernet Communications, Inc. (1997),118 Ohio App.3d 851, 856. The movant is not required to submit documentary evidence to support its contention that it can meet the GTE test. Kadish, Hinkle Weibel Co. L.P.A. v. Rendina (June 4, 1998), Cuyahoga App. No. 72459, unreported, citing Rose Chevrolet,Inc. v. Adams (1988), 36 Ohio St.3d 17, 20. However, the movant must allege operative facts with enough specificity to allow the court to decide whether it has met that test. Elyria Twp. Bd. OfTrustees v. Kerstetter (1993), 91 Ohio App.3d 599, 601, citingMontpoint Properties, Inc. v. Waskowski (Apr. 6, 1988), Summit App. No. 13320, unreported.
With these criteria in mind, appellee asserts that the trial court properly denied appellant's first Civ.R. 60(B) motion for relief from judgment because appellant did not attach an affidavit in support of her allegations to her motion. Consequently, appellee contends, because appellant's motion for relief from judgment contained only unsworn allegations of operative fact and bare assertions of law, appellant did not demonstrate that she has a meritorious defense nor that she was entitled to relief under Civ.R. 60(B).[2] We disagree.
While the movant must do all that he can to present allegations of operative facts to demonstrate that he has a valid defense and is entitled to relief from judgment, there is no requirement that the movant submit an affidavit. Montpoint Properties, supra,
citing Adomeit v. Baltimore (1974), 39 Ohio App.2d 97, 103. Indeed, while it is certainly inadvisable, a party may properly seek relief from a judgment without formally presenting any evidence at all. Sooy v. J.B. Realty (Jan. 15, 1992), Lorain App. No. 91CA005093, unreported, citing Rose Chevrolet, Inc. v. Adams
(1988), 36 Ohio St.3d 17. As this court stated in Kadish,Hinkle Weibel Co., supra at 352: [T]he movant is not required to submit supporting evidence of his defense. However, the movant's allegations must set forth the defense or his evidence must demonstrate that content exists in his allegations. Above all, his allegations must aid the trial court in its decision on the motion.
Here, appellant specifically alleged operative facts which would support a defense to the judgment and demonstrated that she was entitled to relief pursuant to Civ.R. 60(B)(5): R.C.4123.65(C) gives her the right to withdraw her consent to any settlement agreement within thirty days after the final agreement is signed. Appellant's citation in her brief to R.C. 4123.65(C) was sufficient to apprise the trial court that appellant had a right to withdraw her consent to the settlement agreement and was, in fact, doing so. Thus, we see no need for a sworn affidavit from appellant asserting her right to withdraw her consent to the settlement agreement when that right is expressly provided for by statute. Accordingly, the trial court erred in denying appellant's Civ.R. 60(B) motion on the basis that she failed to submit an affidavit in support of her motion.
By denying appellant's Civ.R. 60(B) motion, the trial court erroneously attempted to enforce the parties' oral settlement agreement. In Gibson v. Meadow Gold Dairy (2000), 88 Ohio St.3d 201, the Supreme Court of Ohio considered whether a trial court may enforce an oral settlement of an appeal under R.C. 4123.512 between a workers' compensation claimant and a self-insured employer. The Supreme Court held that pursuant to R.C. 5123.65, settlements of claims against self-insured employers reached during the pendency of a .512 appeal are not binding until a final settlement agreement is signed by the parties and thirty days have passed thereafter. Id. at 204. Accordingly, the Supreme Court held that where a claimant reached an oral agreement with his former employer to settle his claim but then withdrew his consent and refused to execute the settlement documents, the trial court erred in sanctioning the claimant with dismissal of his case for his failure to sign and comply with the oral settlement agreement. The Supreme Court stated, the oral settlement never legally bound [the claimant] and thus could not be enforced because [the claimant] had not signed the agreement, and, moreover, would have had thirty days from signing to withdraw his written consent. Id. at 203.
Similarly, in this case, the oral agreement between appellant and appellee could not be enforced because appellant did not sign the agreement and would have had thirty days from signing to withdraw her consent. The trial court erred, therefore, in denying appellant's Civ.R. 60(B) motion for relief from judgment.
Appellee contends, however, that appellant's second motion for relief from judgment, from which appellant appeals, raised the same facts and grounds for relief as her earlier Civ.R. 60(B) motion and merely attempted to correct the deficiency of her first motion by including an affidavit. Therefore, appellee contends, the trial court properly denied appellant's second motion for relief from judgment on the basis of res judicata.
When a motion to vacate or for relief from judgment has been denied, principles of res judicata prevent relief on successive, similar motions raising issues which were or could have been raised originally. Brick Processors, Inc. v. Culbertson (1981), 2 Ohio App.3d 478
. Res judicata does not bar a subsequent motion for relief from judgment when the subsequent motion is based on different facts, asserts different grounds for relief, and it is not certain the issue could have been raised in prior motions.Coulson v. Coulson (1983), 5 Ohio St.3d 12, 17.
Here, the trial court's decision regarding appellant's first Civ.R. 60(B) motion for relief from judgment did not address the merits of appellant's motion. Rather, the trial court denied appellant's motion on a procedural issue: that appellant had failed to attach an affidavit as required by the Civil Rules. Thus, although it raised similar allegations of operative facts, appellant's second motion for relief from judgment raised substantive issues which the trial court had not previously considered. Moreover, as discussed earlier, the trial court abused its discretion in denying appellant's first motion for relief from judgment. Thus, because appellant's second motion for relief from judgment was necessitated by judicial error, we decline to find that it was barred by the doctrine of res judicata.
Appellant's first assignment of error is sustained. The judgment of the trial court denying appellant's Civ.R. 60(B) motion is reversed and remanded for further proceedings consistent with the opinion herein.
This cause is reversed and remanded for further proceedings consistent with the opinion herein.
It is, therefore, ordered that appellant recover from appellees her costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, J. and JAMES M. PORTER, J., CONCUR.
 _____________________________________ TIMOTHY E. McMONAGLE, PRESIDING JUDGE
[1] R.C. 4123.65(C) provides that no settlement agreed to * * * by a self-insuring employer and the self-insuring employer's employee shall take effect until thirty days after * * * the self-insuring employer and employee sign the final settlement agreement, and further provides that during the thirty-day period, * * * the employer or employee, for self-insuring settlements, may withdraw consent to the settlement * * * *.
[2] Appellee does not contend that appellant's motion was not timely filed.