JOURNAL ENTRY AND OPINION
Plaintiff-appellant Thomas L. Meros (Meros), pro se, appeals from the denial of his motion for relief from judgment. For the reasons adduced below, we affirm.
A review of the record on appeal indicates the action was filed on December 22, 1997, venued in Franklin County, by Meros who also represented the plaintiffs. See Thomas L. Meros Co., LPA, et al. v. Grange Mut. Cas. Co., et al., Franklin County Common Pleas Court Case No. 97CVH98346. The original plaintiffs were (1) Thomas L. Meros Co., LPA (Meros, LPA), and (2) Galati, Pyros and Associates, Inc. (Galati). The original defendants were Meros' former clients (the Youssefs), Grange Mutual Insurance Company (Grange; who lost the lawsuit to the Youssefs and had satisfied that money judgment without naming Meros as a co-payee on the judgment check), and attorney Donald Powell (counsel for Grange). The action was an attempt by Meros to obtain contested contingency legal (to Meros, LPA) and financial consulting (to Galati) fees from a portion of the proceeds of a judgment the defendants (Youssefs) had recovered against their insurer (Grange); this same claim was generally asserted against all the defendants, seeking the contested fees from each defendant. The action was subsequently transferred to Cuyahoga County and assigned to Judge Saffold, and the Youssefs, who had filed a counterclaim against Meros alleging legal malpractice and fraud, deposited $410,243 (approximately 33% of the judgment amount the Youssefs received from Grange) with the trial court pending resolution of the fee dispute. See Thomas L. Meros Co., LPA, et al. v. Grange Mut. Cas. Co., et al., Cuyahoga County Common Pleas Court Case No. 97CV345723.[1]
In November of 1998, Meros, Meros LPA and the Youssefs settled their claims against each other when the Youssefs paid Meros $175,000 from the funds on deposit with the court; the remaining funds on deposit were returned to the Youssefs.
On December 8, 1998, Grange and Powell filed a motion to dismiss arguing that the Meros/Youssef settlement extinguished any claim for their having to pay the contested fees. The trial court ordered Meros to respond to the motion to dismiss by December 28, 1998.
On January 7, 1999, Meros voluntarily dismissed the action pursuant to Civ.R. 41(A)(1)(a) and refiled the action in Franklin County, naming himself, in his individual capacity as plaintiff, and as defendants: Grange, Powell, attorney Michael Brooks Rorapaugh (assistant general counsel of Grange), and the law firm of Buckingham, Doolittle Burroughs (Donald Powell was a partner in this firm). See Meros v. Rorapaugh, et al., Franklin County Common Pleas Court Case No. 99CVH01-201.
The law firm of Buckingham, Doolittle Burroughs was dismissed by the trial court as a party-defendant on January 8, 1999. This left only attorneys Powell and Rorapaugh, and Grange, as parties to the lawsuit.
On June 10, 1999, pursuant to defendants' motion to transfer, the Franklin County Court of Common Pleas ordered the action transferred back to Cuyahoga County. On July 1, 1999, with the case returned from Franklin County, the Clerk of Court perfunctorilyassigned the case to Judge Nancy Fuerst. See Thomas L. Meros v. Rorapaugh, et al., Cuyahoga County Common Pleas Court Case No. 386996. On July 23, 1999, defendants motioned the trial court to transfer the case from Judge Fuerst to the originally assigned judge, Judge Saffold. This motion to transfer was granted on August 8, 1999.
On August 19, 1999, the remaining defendants filed a motion to dismiss alleging the same grounds as the previously filed motion to dismiss. Specifically, defendants argued that to the extent that Meros settled with the Youssefs and received his contested fees, his claim for those same fees from these defendants was extinguished by that settlement. Attached to this motion to dismiss were copies of the following: (1) the satisfaction of judgment and verdict which was filed on August 10, 1997, in Cuyahoga County Common Pleas Court Case No. 291950, the Youssef/Grange action, and which was executed by Meros, Powell and the Youssefs; (2) a post card notice dated January 14, 1998, addressed to defense counsel Philip Kushner in Cuyahoga County Common Pleas Court Case No. 345723, advising counsel that the court had denied Meros' motion to enforce his attorney lien and that defendant was to deposit $401,243 with the court pending further discovery; (3) a copy of the Meros parties' release of the Youssefs relative to the payment of contested attorney fees in Cuyahoga County Common Pleas Court Case No. 345723; and, (4) a copy of the November 17, 1998, agreed order of the court in Cuyahoga County Common Pleas Court Case No. 345723, which was approved by Meros and the Youssefs, and which disbursed the $401,243 in funds on deposit with the court.
On August 19, 1999, the defendants filed a brief in opposition to the various pending Meros motions for default judgment, in limine regarding attorney-client privilege and Evid.R. 406, and for judicial notice of a host of case law.
The trial court granted this second motion to dismiss on September 15, 1999, checking the Final order box on the half-sheet status form entry, indicating that the dismissal was with prejudice and that postcard notice be issued. See Journal Vol. 2379, page 617. Meros did not file a direct appeal from this final order.
On November 22, 1999, after dismissal had been granted, Meros filed a motion for extension of time to file a brief in opposition to the motion to dismiss; this motion did not argue that Meros had not been properly or timely served with the motion to dismiss. On December 1, 1999, the trial court denied this motion for extension of time, stating: Plaintiff's motion for extension of time is denied as case was dismissed on 9/15/99. Final. See Journal Vol. 2405, page 627. Postcard notice was also ordered to be issued. Meros did not file a direct appeal from this order.
On December 21, 1999, the trial court, by a nunc-pro-tunc entry by and for the December 1, 1999, entry, inexplicably corrected its entry of December 1, 1999, stating: Action dismissed w/prejudice. Final. See Journal Vol. 2412, page 547. Postcard notice was also ordered to be issued. Meros did not file a direct appeal from this order.
Meros filed on December 30, 1999, a motion for relief from judgment pursuant to Civ.R. 60(B)(1), (3) and (5). The specific grounds for the relief were stated by Meros, at pages 1-2 of his motion, as follows:
 Plaintiff moves this Court, pursuant to Rule 60(B)(1), (3) and (5), to vacate the judgment entered in this matter which dismissed this case, for the reasons that follow:
 (1) mistake, inadvertence, surprise or excusable neglect
 A. A serious mistake of law has been made by this Court, in converting Defendants' motion to dismiss into one for summary judgment without giving notice to the Plaintiff; and
 B. Upon converting the motion into one for summary judgment, not considering Plaintiff's motion for summary judgment which had been filed 7 months previously.
 C. Not rendering a default judgment against these Defendants for failing to serve the Plaintiff with an answer to the complaint, thereby requiring that their answer be stricken, and thereby waiving the affirmative defense of res judicata.
 D. Allowing the Defendants to file a motion to dismiss asserting res judicata, which is in violation of the Civil Rules of Procedure, case law interpreting these Rules.
 (3) fraud, misrepresentation or other misconduct of an adverse party
 A. The Defendants have continually engaged in a pattern of constant dishonest and fraudulent conduct, which conduct continues through today, and is set forth below. These Defendants have filed a satisfaction of judgment which was not the true satisfaction, nor agreement of the parties, and which underscored the fraud that they were committing in the original case.
(5) any other reason justifying relief from judgment.
 All of the reasons set forth under (1) and (3) are incorporated by reference under this (5) as though fully rewritten herein.
On January 10, 2000, defendants filed a brief in opposition to relief from judgment.
Meros' motion for relief from judgment was denied by the trial court, without an evidentiary hearing, on January 14, 2000. See Journal Vol. 2420, page 31. On February 14, 2000, Meros filed the notice of appeal sub judice from the January 14, 2000, denial of relief from judgment.
On appeal Meros presents seven assignments of error for review.
The following assignments of error will be addressed jointly:
I
TRIAL COURT ERRED BY GRANTING A CHANGE OF VENUE.
II
 TRIAL COURT ERRED BY NEVER HAVING JURISDICTION OVER CASE, BUT ATTEMPTING TO GAIN JURISDICTION IN NUNC PRO TUNC ENTRY AFTER DISMISSAL.
III
 TRIAL COURT ERRED BY NOT CONSIDERING OR GRANTING APPELLANT'S MOTION FOR SUMMARY JUDGMENT ON ISSUE OF LIABILITY ALONE.
VII
 TRIAL COURT ERRED BY: ENTERING DISMISSAL ON SEPTEMBER 22, 1999, WITHOUT PREJUDICE; FAILING TO GIVE NOTICE TO APPELLANT; ATTEMPTING TO REGAIN JURISDICTION OF CASE BY NUNC PRO TUNC ENTRY; AND DISMISSING THIS CASE WITH PREJUDICE.[2]
Appellant Meros has not timely appealed from any of the orders which are the subject of assignments 1-3 and 7. As recently stated by this court in Pisani v. Pisani (Apr. 13, 2000), Cuyahoga App. No. 75909, unreported, 2000 Ohio App. LEXIS 1657, at 3-4:
 "App.R.4(A) requires that an appeal be filed within thirty days of the entry of the judgment appealed from. This time requirement is jurisdictional and may not be extended." Rundle v. Rundle (8th Dist. 1997), 123 Ohio App.3d 304, 305, 704 N.E.2d 56, 57 (quoting Ditmars v. Ditmars (1984), 16 Ohio App.3d 174, 475 N.E.2d 164). Further, contrary to her assertion during oral argument, Carol Pisani cannot use a Civ.R. 60(B) motion to toll the appeal time. A Civ.R. 60(B) motion for relief from judgment cannot be used as a substitute for direct appeal or as a means to extend the time for filing an appeal. See Key v. Mitchell (1998) 81 Ohio St.3d 89, 689 N.E.2d 548; Doe v. Trumbull County Children Services Board, 28 Ohio St.3d 128, 502 N.E.2d 605; Rundle, 123 Ohio App.3d at 306, 704 N.E.2d at 57. Accordingly, we will address assigned errors eight through ten only, because they are properly before this Court.
Since these assignments are not properly before this court, they are necessarily overruled.
The remainder of the assignments address issues which were raised as grounds for relief in the motion for relief from judgment.
The standard of review for a motion for relief from judgment pursuant to Civ.R. 60(B) was recently provided by this court, as follows:
 "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B) (1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds for relief are Civ.R. 60(B) (1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Elec. v. ARC Industries (1976). 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus. Although relief from judgment under Civ.R. 60(B) is within the discretion of the trial court, a trial court abuses its discretion if it denies such relief where the movant has demonstrated all three factors. See Mount Olive Baptist Church v. Pipkins Paints Home Improvement Ctr., Inc. (1979), 64 Ohio App.2d 285, 413 N.E.2d 850.
 To merit Civ.R. 60(B) relief, a movant must set forth operative facts which would warrant relief from judgment. BN1 Telecommunications, Inc. v. Cybernet Communications, Inc. (1997), 118 Ohio App.3d 851, 856, 694 N.E.2d 148. The movant is not required to submit documentary evidence to support its contention that it can meet the GTE test. Kadish, Hinkle Weibel Co. L.P.A. v. Rendina, 128 Ohio App.3d 349, 714 N.E.2d 984
(1998), citing Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20, 520 N.E.2d 564. "However, the movant must allege operative facts with enough specificity to allow the court to decide whether it has met that test." Elyria Twp. Bd. Of Trustees v. Kerstetter (1993), 91 Ohio App.3d 599, 601, 632 N.E.2d 1376, citing Montpoint Properties, Inc. v. Waskowski, 1988 Ohio App. LEXIS 1297 (Apr. 6, 1988), Summit App. No. 13320, unreported.
Gore v. First National Supermarkets (Aug. 31, 2000), Cuyahoga App. No. 77026, unreported, 2000 Ohio App. LEXIS 3950, at 6-7.
The fourth assignment of error provides:
 IV TRIAL COURT ERRED BY NOT GRANTING DEFAULT JUDGMENT BECAUSE APPELLEES FAILED TO SERVE APPELLANT WITH ANSWER TO COMPLAINT.
The record on appeal indicates that on August 6, 1999, thirteen days prior to the filing of the second motion to dismiss with the trial court, Meros filed his motion for default judgment and to strike answer to complaint. The basis for the default was that Meros had allegedly not been served with a copy of the defendants' answer in violation of Civ.R. 5, and that until served, the answer could not be considered; an answer which had been filed by defendants on February 3, 1999, while the case was venued in Franklin County Common Pleas Court. Meros, in his July 31, 1999, affidavit attached to the motion for default judgment, averred that he had learned on July 28, 1999, during a check of the Franklin County Common Pleas Court docket, that the answer had been filed on February 3, 1999. This affidavit also contained an averment by Meros that he had never been served with a copy of that answer.
The record further reflects that the Meros' complaint filed on January 11, 1999, in Franklin County Common Pleas Court Case No. 99CVH0100201, identified Meros' address as P.O. Box 24742, Cleveland, OH 44124. The February 3, 1999 answer to that complaint indicated in the certificate of service that the answerJa was served on February 3, 1999, by ordinary prepaid mail on Meros at P.O. Box 24742, Cleveland, Ohio 44124. This return address for Meros was used repeatedly by Meros and the defendants in filings in the 1999 Franklin County action and by those parties when the case was returned to Cuyahoga County Common Pleas Court. There is no indication in the court journal that a different address was utilized by the court for Meros when it sent out notice to the parties concerning the motion to dismiss.[3]
As correctly noted by Meros, service of pleadings is controlled by Civ.R. 5. However, contrary to the apparent representation of Meros, Civ.R. 5 does not stand for the proposition that an answer should not be considered by the trial court merely because service of that responsive pleading was not, allegedly, perfected. Instead, Civ.R. 5(D) specifically provides the following in pertinent part:
 Papers filed with the court shall not be considered until proof of service is endorsed thereon or separately filed. The proof of service shall state the date and manner of service and shall be signed in accordance with Civ.R. 11. (Italicization added.)
The defendants' answer was properly endorsed with proof of service thereon in full compliance with Civ.R. 5(D). Thus, the answer could be considered by the trial court, thereby obviating the basis for a default judgment pursuant to Civ.R. 55(A) [which permits a default judgment where a party has failed to plead or otherwise defend].
Accordingly, the trial court did not err in denying relief from judgment on this basis.
The fourth assignment of error is overruled.
The fifth assignment provides:
 V TRIAL COURT ERRED BY CONVERTING APPELLEES' MOTION TO DISMISS INTO ONE FOR SUMMARY JUDGMENT WITHOUT NOTICE TO APPELLANT, AND IN CONSIDERING EVIDENCE NOT PROPERLY AUTHENTICATED; AND ALLOWING APPELLEES TO FILE MOTION TO DISMISS ASSERTING RES JUDICATA AS AFFIRMATIVE DEFENSE, AND GRANTING THAT MOTION UNDER ANY RULE.
In this assignment, Meros argues that relief from judgment should have been granted because: (1) the trial court improperly converted the motion to dismiss into a motion for summary judgment; (2) the trial court, in ruling on the motion to dismiss, went beyond the pleadings and utilized documentary evidence attached to the motion in ruling on the motion, thereby converting the motion to one for summary judgment; (3) as a motion for summary judgment, the evidence attached to the motion was unauthenticated and thus could not be considered for summary judgment purposes; and, (4) the affirmative defense of res judicata, which was raised in defendants' answer and premised the motion to dismiss (in addition to failure to state a claim and a myriad of eighteen additional defenses, including satisfaction), should not be recognized because the answer could not be considered due to an alleged lack of service of the responsive pleading on Meros.
First, there is no indication in the record that the trial court converted the motion to dismiss to a motion for summary judgment. Thus, Meros' arguments concerning summary judgment are irrelevant. Even if the trial court had improperly converted the motion, such argument should have been raised on a direct appeal from the dismissal ruling. A motion for relief from judgment cannot be used to circumvent a direct appeal. See Pisani v. Pisani, supra.
Second, whether the trial court erred in its ruling on the motion to dismiss by going beyond the pleadings or improperly considered the answer filed by defendants should have been raised on direct appeal from the dismissal ruling. This issue is waived as the motion for relief from judgment cannot be used in lieu of a direct appeal. Id.
The fifth assignment of error is overruled.
The sixth assignment provides:
 VI TRIAL COURT ERRED BY NOT CONDUCTING HEARING ON MOTION FOR RELIEF FROM JUDGMENT.
The common germ in Meros' claims against the defendants is that he was owed contested legal fees, and by virtue of the non-payment of these fees by the parties, he suffered harm in the loss of the funds. Meros believes that the defendants were obligated to not release the judgment proceeds directly to the Youssefs, but instead had a duty to include Meros or Meros LPA as a payee on the check representing the judgment proceeds in the Youssef/Grange action.
It is not contested that Meros, by virtue of his having rendered professional legal services pursuant to a contingency fee contract with the Youssefs in the Youssef/Grange matter, enjoyed an equitable lien on the funds resulting from the Youssef/Grange judgment for the payment of those fees, and could file an action to enforce that lien. See Mancino v. City of Lakewood (Cuyahoga, 1987), 36 Ohio App.3d 219.
The problem with Meros' approach to enforcing his equitable lien is that his remedy is through the client (the Youssefs), and not through parties releasing funds to the client (Grange, Powell, Rorapaugh, and Buckingham, Doolittle Burroughs). See Pennsylvania Co. v. Thatcher (1908), 78 Ohio St. 175. By issuing the judgment amount directly to the Youssefs in the Youssef/Grange action, and not including Meros or Meros LPA as a payee on the check representing the judgment amount, the defendants committed no wrong against Meros, individually, or Meros LPA. Id. Absent a valid claim against these defendants, an evidentiary hearing on the motion for relief from judgment was unwarranted.
The sixth assignment of error is overruled.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 ________________________________________ JAMES D. SWEENEY, PRESIDING JUDGE
PATRICIA A. BLACKMON, J., and ANNE L. KILBANE, J., CONCUR.
[1] Attorney Meros was suspended from the practice of law for a period of eighteen months on September 23, 1998. See Office of Disciplinary Counsel v. Meros (1998), 83 Ohio St.3d 222, 1998 Ohio App. LEXIS 2505. Thereafter, attorney Meros was disbarred on July 12, 2000. See Cuyahoga County Bar Assn. v. Meros (2000), 89 Ohio St.3d 304, 2000 Ohio App. LEXIS 1607.
[2] Contrary to the stated assignment, the final order which granted the motion to dismiss was journalized on September 15, 1999, and was expressly made with prejudice.
[3] Significantly, Meros' allegation that he did not receive service of the motion to dismiss rings hollow as Meros filed his motion for extension of time to oppose dismissal yet did not argue within that extension motion the issue that he was not properly served with the motion to dismiss.