JOURNAL ENTRY AND OPINION
In this appeal, plaintiff-appellant Mrs. Ethel Richardson, Administratrix for the Estate of Tracy Burton, deceased, appeals from the following trial court action: (1) granting the motion to dismiss pursuant to Civ.R. 12(B)(6) filed by defendant-appellee City of Cleveland; and, (2) denying her motion for relief from judgment pursuant to Civ.R. 60(B) from the court's dismissal of the City's police department. For the reasons adduced below, we affirm.
A review of the record on appeal indicates that the underlying action stemmed from a high-speed motor vehicle chase involving officers from the City of Cleveland Police Department. The chase occurred on November 30, 1994, on Union Avenue in the City of Cleveland. At that time, Tracy Burton was a passenger in a car driven westbound on Union Avenue by Rodney Frank. Motorized Cleveland police officers came up behind Frank's vehicle at a high rate of speed in pursuit of defendant-Demond Hairston, whose vehicle was also behind the Frank vehicle. Another Cleveland police patrol car appeared traveling eastbound on Union Avenue, and allegedly turned into the path of Frank's vehicle. Frank swerved to avoid the collision and, in the process, was rear-ended by Hairston's vehicle. This rear-end collision caused the death of Tracy Burton.
On July 26, 1995, Mrs. Richardson, the mother of the decedent and legal representative of his estate, filed suit against Demond Hairston and William Grady.[1] See Cuyahoga County Common Pleas Court Case No. 292850. On July 19, 1996, the complaint was amended to add new-party-defendant, The City of Cleveland Police Department, a Municipal Corporation alleging that the officers were acting within the course and scope of their employment and recklessly and/or wantonly operated their motor vehicle in a high-speed chase. This amended complaint was served on the City's Law Director. In its answer to the amended complaint, the City presented the affirmative defense that The City of Cleveland Police Department was not sui juris.
On March 26, 1997, the action was voluntarily dismissed by plaintiff without prejudice pursuant to Civ.R. 41(A)(1). The action was re-filed on February 24, 1998, in a form identical to the earlier amended complaint in the original action. See Cuyahoga County Common Pleas Court Case No. 349599.
On April 30, 1998, the City of Cleveland filed a motion to dismiss pursuant to Civ.R. 12(B)(6) arguing that The City of Cleveland Police Department was not sui juris. The plaintiff did not file a brief in opposition to this motion. On May 13, 1998, subsequent to the time for filing a brief in opposition having elapsed[2], the trial court granted the City's motion to dismiss. See Journal Vol. 2214, page 736. The action remained pending against defendants Hairston and Grady.
Plaintiff, apparently unaware of the court's ruling of May 13, 1998, filed, without leave of court, an amended complaint on May 18, 1998, substituting as a party-defendant The City of Cleveland for The City of Cleveland Police Department.
On January 22, 1999, plaintiff filed a motion for relief from the May 13, 1998 judgment pursuant to Civ.R. 60(B). This motion was denied by the trial court on May 27, 1999. Thereafter, plaintiff dismissed the remaining two defendants on November 7, 1999, putatively without prejudice, in order to obtain a final appealable order. See Journal Vol. 2407, page 558.
A notice of appeal from the order of May 27, 1999 (denial of relief from judgment), was filed by plaintiff on December 14, 1999. See Cuyahoga App. No. 77381. A notice of appeal from the order of May 13, 1998 (granting the motion to dismiss), was filed by plaintiff on December 17, 1999. See Cuyahoga App. No. 77403. These appeals have been consolidated for briefing and opinion purposes.
Two assignments of error are presented for review.
The first assignment of error provides:
 I THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE'S MOTION TO DISMISS.
The standard of review for a motion to dismiss for failure to state a claim for relief pursuant to Civ.R. 12(B)(6), is as follows:
 Pursuant to Civ.R. 12(B)(6), in order to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt that Kaylor could prove no set of facts warranting relief, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in his favor. State ex rel. Findlay Publishing Co. v. Schroeder (1996), 76 Ohio St.3d 580, 581, 669 N.E.2d 835, 837.
State ex rel. Kaylor v. Bruening (1997), 80 Ohio St.3d 142, 144; also see Byrd v. Faber (1991), 57 Ohio St.3d 56, 60; O'Brien v. University Community Tenants Union (1975), 42 Ohio St.2d 242, syllabus.
In order to survive the motion to dismiss, plaintiff had to demonstrate that the named party, The City of Cleveland Police Department, had the legal capacity to be sued; in other words, that the police department was sui juris. As a department of the City of Cleveland it was not sui juris. Instead, the real party in interest was the City of Cleveland. See Edmonds v. Dillin (N.D.Ohio. 1980), 485 F. Supp. 722, 724, citing Mayes v. Elrod (N.D.Ill. 1979), 470 F. Supp. 1188 (City of Cleveland Police Department not a party in interest or subject to suit); Burgess v. Doe (1996), 116 Ohio App.3d 61, discretionary appeal disallowed (1997), 78 Ohio St.3d 1452 (Lebanon Police Department dismissed as not being an entity with the capacity to be sued); Cuyahoga Falls v. Robart (1991),58 Ohio St.3d 1, 6 (a city council, absent statutory authority, is not sui juris); Fields v. Dailey (1990), 68 Ohio App.3d 33, 45 (city police department declared not a proper party, but the error to correctly name the defendant city was held to be waived, or a technical violation and non-prejudicial under the facts of the case); Wynn v. Butler Cty. Sheriff's Dept. (Mar. 22, 1999), Butler App. No. CA98-08-175, unreported, 1999 Ohio App. LEXIS 1128, at 4 (police departments not real parties in interest); Ferrell v. Windham Twp. Police Dept. (Mar. 27, 1998), Portage App. No. 97-P-0035, unreported, 1998 Ohio App. LEXIS 1269, at fn. 1, citing Fields v. Dailey (1990), 68 Ohio App.3d 33, 45
(village police department is not a legal entity capable of suing or being sued, but instead the proper party to be sued is the village itself); Ragan v. Akron Police Dept. (Jan. 19, 1994), Summit App. No. 16200, unreported, 1994 WL 18641 (Akron Police Department dismissed for failure to state a claim since it was not an entity that was capable of being sued).
Accordingly, we cannot conclude that the trial court abused its discretion in granting the motion to dismiss the City of Cleveland Police Department on May 13, 1998, since it was not a legal entity capable of being sued.
The first assignment of error is overruled.
The second assignment of error provides:
 II THE TRIAL COURT ERRED IN DENYING PLAINTIFF-APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT.
The standard of review for a motion for relief from judgment pursuant to Civ.R. 60(B) was recently provided by this court, as follows:
 "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B) (1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds for relief are Civ.R. 60(B) (1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Elec. v. ARC Industries (1976). 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus. Although relief from judgment under Civ.R. 60(B) is within the discretion of the trial court, a trial court abuses its discretion if it denies such relief where the movant has demonstrated all three factors. See Mount Olive Baptist Church v. Pipkins Paints Home Improvement Ctr., Inc. (1979), 64 Ohio App.2d 285, 413 N.E.2d 850.
 To merit Civ.R. 60(B) relief, a movant must set forth operative facts which would warrant relief from judgment. BN1 Telecommunications, Inc. v. Cybernet Communications, Inc. (1997), 118 Ohio App.3d 851, 856, 694 N.E.2d 148. The movant is not required to submit documentary evidence to support its contention that it can meet the GTE test. Kadish, Hinkle Weibel Co. L.P.A. v. Rendina, 128 Ohio App.3d 349, 714 N.E.2d 984
(1998), citing Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20, 520 N.E.2d 564. "However, the movant must allege operative facts with enough specificity to allow the court to decide whether it has met that test." Elyria Twp. Bd. Of Trustees v. Kerstetter (1993), 91 Ohio App.3d 599, 601, 632 N.E.2d 1376, citing Montpoint Properties, Inc. v. Waskowski, 1988 Ohio App. LEXIS 1297 (Apr. 6, 1988), Summit App. No. 13320, unreported.
Gore v. First National Supermarkets (Aug. 31, 2000), Cuyahoga App. No. 77026, unreported, 2000 Ohio App. LEXIS 3950, at 6-7.
As previously stated above, the motion for relief from judgment was filed on January 22, 1999, and sought to obtain relief from the dismissal of the Cleveland Police Department as a party on May 13, 1998. The motion does not state with particularity the grounds for relief relied upon by plaintiff, but the tenor of the argument contained in the motion indicates that the basis for the motion appears to be mistake or excusable neglect by plaintiff's counsel pursuant to Civ.R. 60(B)(1), or fraud or misrepresentation on the court pursuant to Civ.R. 60(B)(3) by the City of Cleveland when it allegedly acquiesced to the naming of the police department as being equivalent to the naming of the City of Cleveland as the real party in interest.
Attached to this motion for relief were the following: (1) a copy of the amended complaint of July 19, 1996; (2) a letter to attorney Schiff dated August 30, 1996, from Brent Silverman, an Assistant Director of Law for the City of Cleveland, in which counsel for the City noted the incorrectly pled defendant and stated Per our telephone conversation, it will not be necessary for you to amend your Amended Complaint. The City of Cleveland is deemed the defendant in the case. ; (3) a letter to attorney Schiff dated October 2, 1996, from Brent Silverman, an Assistant Director of Law for the City of Cleveland, in which counsel for the City stated that It is not necessary for you to re-serve either the City of Cleveland or the City of Cleveland Police Department in the above-captioned lawsuit. ; (4) a stipulation for leave to plead until May 7, 1998, for the filing of the City of Cleveland's answer to the complaint; (5) a copy of the amended complaint filed on May 18, 1998, naming the City of Cleveland as a defendant in place of The City of Cleveland Police Department; and, (6) the affidavit of attorney Marvin Schiff, who, up to the filing of the motion for relief from judgment was counsel for plaintiff. Within that affidavit, attorney Schiff averred the following:
 1. Based upon communications between counsel in the originally filed action, affiant did not believe that the designation of the defendant in the refiled case would be an issue;
 2. Affiant was not aware that the motion to dismiss had been received in his firm's office, therefore he was unaware that the motion to dismiss had been filed by the City of Cleveland and was prevented from filing a timely brief in opposition to the motion to dismiss; and,
 3. Affiant considered this instance to be one of excusable neglect on his part.
In reviewing the motion for relief from judgment, it is abundantly clear that, no matter the perorations of the movant, the fact remains that plaintiff has no meritorious claim against the party denominated as the City of Cleveland Police Department because it is not sui juris. Since the motion to dismiss was based solely upon the narrow issue of whether the police department is sui juris, relief is not available. Accordingly, the trial court did not abuse its discretion in denying the motion for relief from judgment.
The second assignment of error is overruled.
Judgments affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 ________________________ SWEENEY, JAMES D., J.
MICHAEL J. CORRIGAN, J., CONCURS; DIANE KARPINSKI, P.J., CONCURS WITH SEPARATE CONCURRING OPINION ATTACHED.
[1] William Grady was the owner of the vehicle being driven by Hairston.
[2] The brief in opposition was required to be filed within ten days (seven days, plus three days for mail service) of the filing of the motion. See Loc.R. 11(C) of the Court of Common Pleas of Cuyahoga County, General Division, and Civ.R. 6(E).