These timely consolidated appeals come for consideration upon the record in the trial court and the parties' briefs. Defendant-appellant, Elsie K. Binger (hereinafter "Elsie"), appeals from two judgments arising out of the divorce proceedings between her and plaintiff-appellee, Walter Binger (hereinafter "Walter"). The first order of April 17, 1997 granted the divorce, and a second order dated January 28, 1998 denied her motion for relief from judgment. While Elsie raises several issues, the two issues properly before us are whether: 1) the April 17, 1997 judgment entry is a final appealable order, and; 2) whether the trial court erred by denying Elsie's motion for relief from judgment, where Walter's pension was not addressed in either the original divorce decree or upon Elsie's motion for relief from judgment. For the following reasons, we reverse in part and remand this case to the trial court for further proceedings.
The parties have been married for over thirty years, during which time they acquired a modest amount of assets. The couple did not own a home or motor vehicle. Elsie earned no income and Walter has not worked since 1987, when he sustained a permanently disabling work-related injury entitling him to Worker's Compensation and VA Disability. Prior to his disability, Walter had accumulated a pension from working as a union carpenter.
Walter filed a complaint for divorce on January 14, 1997. Elsie answered pro se with a letter requesting that the court order both child and spousal support, explaining she did not have the financial resources available to retain counsel. The matter proceeded to a divorce hearing on March 17, 1997, with Walter represented by counsel and Elsie appearingpro se.
At this hearing, it was determined Elsie would be the residential parent for the parties' two minor children and child support would be ordered separately pursuant to statutory guidelines upon the parties filing financial affidavits. Several items of marital property were valued and divided amongst the parties. There was no mention of either Walter's pension or spousal support. A judgment entry was issued by the trial court on April 17, 1997 granting the parties a divorce, without making any findings of fact or conclusions of law in support of the division of the marital assets.
It was from this judgment that Elsie, with the assistance of counsel, brought her first timely appeal. An examination of the March 17, 1997 transcript by Elsie's newly retained counsel revealed Walter's non-disclosure of the pension. Soon after this discovery, Elsie filed a motion for relief from judgment pursuant to Civ.R. 60(B) in the trial court. She also filed a motion for remand with this Court for the limited purpose of proceeding with the motion for relief from judgment in the trial court, which we granted. On January 26, 1998, the trial court conducted a hearing on Elsie's motion, in which she argued the trial court's failure to address spousal support and the omission of the pension from evidence entitled her to relief from judgment. The trial court denied the motion saying there was nothing in the record to support the motion. Elsie then filed a second appeal, which was consolidated by this Court with her prior appeal.
As a preliminary matter, because Walter has failed to file a response brief in either appeal, App.R. 18(C) permits us to "* * * accept appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."Id.
Elsie appeals both decisions of the trial court and raises five assignments of error, asserting in Case No. 493:1) the original judgment entry was not a final appealable order; 2) the trial court abused its discretion when dividing the marital property; 3) the trial court abused its discretion by not awarding spousal support; 4) the trial court failed to conduct the trial in a way which would prevent injustice, and; 5) asserting in Case No. 509, the trial court abused its discretion by not granting the Civ.R. 60(B) motion. We reverse the trial court's order of January 26, 1998 denying the motion for relief from judgment, and reverse in part the trial court's original April 17, 1997 divorce decree and remand the case for further proceedings, because failing to sustain a party's motion for relief from judgment where an asset was not considered in the original divorce decree was an abuse of discretion. As we find Elsie's fifth assignment of error to be meritorious, we need not address the assignments of error raised in Case No. 493, other than jurisdiction, as the underlying order of April 17, 1997 is remanded for further proceedings, rendering those issues moot.
The two assignments of error raised by Elsie in this consolidated appeal which we will address assert:
 "Because the trial court failed to determine and to divide all the marital property and failed to decide the issue of spousal support, the trial court's April 17, 1997 judgment entry is not a final appealable order under Civ.R. 54(B)." (Assignment of Error No. 1, Case No. 493).
 "The trial court erred as a matter of law and abused its discretion by overruling and denying Ms. Binger's motion for relief from judgment under Civ.R. 60(B)" (Assignment of Error, Case No. 509).
In order to properly address these assignments of error, we must first determine whether we have jurisdiction to hear this appeal. Section3(B), Article IV of the Ohio Constitution vests this court with jurisdiction to hear appeals only from final orders or judgments. Unless an order meets the definition found in R.C. 2505.02, the order is not final and appealable. Furthermore, Rule 60(B) only grants relief from final judgments. Therefore, if the April 17, 1997 divorce decree is not a final judgment, we do not have jurisdiction over either appeal.[1]
By the manner in which counsel framed the first assignment of error, Elsie's argument appears to be that, absent the "magic language" of 54(B), the April 17, 1997 divorce decree is not a final appealable order; because the pension and spousal support were not addressed, not all the claims were resolved among the parties, thereby necessitating the trial court to find there is no "just reason for delay" in order to vest this court with jurisdiction.
 In a divorce proceeding, the trial court may award spousal support upon the request of the parties. R.C. 3105.18(B). Once a party has requested spousal support, the trial court must consider all the factors in R.C. 3105.18(C)(1) when determining whether spousal support is appropriate and reasonable. When an order does not set forth the statutory factors the trial court used to determine whether spousal support is appropriate and reasonable, it is inadequate. Stafinsky v. Stafinsky (1996), 116 Ohio App.3d 781; Kaechele v. Kaechele (1988), 35 Ohio St.3d 93, 96.
It is not clear from the record why the trial court failed to address spousal support in the divorce decree. Elsie requested that the trial court consider "child support and spousal support plus medical coverage" in her letter to the trial court, which served as her answer to Walter's complaint. When answering a complaint, a pleading must contain a short and plain statement of the party's defenses, no technical forms of pleading are required, and a court must construe pleadings so as to do substantial justice. Civ.R. 8; Mohan J. Durve, M.D., Inc. v. Oker
(1996), 112 Ohio App.3d 432. Although not artfully drafted, Elsie's letter is an acceptable answer to Walter's complaint, as it sets forth her position in the case by stating the basis upon which she is going to defend the suit. See Preferred Risk Group v. Barker (March 2, 1994), Tuscarawas App. No. 93APO90064, unreported; Groehler v. Litton Systems,Inc. (August 1, 1986), Williams App. No. WMS-86-1, unreported. By not addressing the issue of spousal support at all in the divorce decree, or considering the omitted pension once it was brought to the trial court's attention via the 60(B) motion, the judge did not adequately address all the issues and resolve all the claims in the present case.
Under one definition of a final judgment pursuant to R.C. 2505.02, the trial court's failure to address spousal support would render the judgment nonfinal. However, the divorce decree may still be a final judgment, even if it does not resolve all the rights of the parties, when the order affects a party's substantial right, and it is made in a special proceeding. R.C. 2505.02(B)(2). As divorce is not a right found in the common law, rather a creation by statute, it is a special proceeding for the purposes of R.C. 2505.02(B)(2). State ex rel. Papp v. James
(1994), 69 Ohio St.3d 373, 379. Therefore, if the trial court's April 17, 1997 divorce decree, which was issued in a special proceeding, affected a substantial right, then the order is final and appealable.
A substantial right is defined as "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1). "A substantial right is, in effect, a legal right that is enforced and protected by law." State v. Coffman (2001), 91 Ohio St.3d 125, 127. An order which affects a substantial right is one which, if not immediately appealable, would foreclose appropriate relief in the future. Bell v. Mt.Sinai Med. Ctr. (1993), 67 Ohio St.3d 60, 63. The trial court's April 17, 1997 divorce decree affected a substantial right of the parties, namely, "* * * an individual's ownership interest in certain marital property * * *" Walter's pension. Wright v. Wright (November 10, 1994), Hocking App. No. 94CA02, unreported.
As the April 17, 1997 order is a final judgment pursuant to R.C.2505.02(B), we have jurisdiction to review it. Therefore Elsie's first assignment of error is meritless. Because the original divorce decree is a final appealable order, relief pursuant to 60(B) will lie, and we also have jurisdiction to review the trial court's January 26, 1998 order denying Elsie's 60(B) motion.
Elsie's next assignment of error challenges the trial court's order denying her motion for relief from judgment because spousal support and the pension were not addressed in the final divorce decree.
The standard of review applied to a trial court's decision on a Civ.R. 60(B) motion is abuse of discretion. Strack v. Pelton (1994),70 Ohio St.3d 172. An abuse of discretion connotes more than an error of law or judgment; rather, it implies the court has acted either unreasonably, unconscionably, or arbitrarily. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217.
The trial court may only grant relief from judgment in the manner provided by Civ.R. 60. Because the rule is remedial, it is to be liberally construed so that the ends of justice may be served. Kay v. MarcGlassman, Inc. (1996), 76 Ohio St.3d 18, 20. Nonetheless,
 "[t]o prevail on his motion under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Elec., Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, 150-1.
"These requirements are independent and in the conjunctive; thus the test is not fulfilled if any one of the requirements is not met."Strack, supra at 174.
Applying the GTE analysis to Elsie's motion, many of the "meritorious defenses and claims" she raises are direct attacks on the merits of the original judgment. However, a motion for relief from judgment pursuant to Civ.R. 60(B) may not be used as a substitute for a timely appeal. Doe v.Trumbull Cty. Children Serv. Bd. (1986), 28 Ohio St.3d 128, 131. "[W]hen a party merely reiterates arguments that concern the merits of the case and that could have been raised on appeal, relief under Civ.R. 60(B) is not available as a substitute for appeal." Manigault v. Ford Motor Co. (1999), 134 Ohio App.3d 402, 412. "A meritorious defense exists when the movant specifically alleges operative facts that support a defense to the judgment." Kadish, Hinkel Weibel Co., L.P.A. v. Rendina (1998),128 Ohio App.3d 349, 352. Here, the only meritorious claim Elsie has raised under Civ.R. 60(B) is that the pension should be considered in the division of marital property. Furthermore, the motion was filed in a reasonable time, two weeks after Elsie discovered the mistake. The third and final requirement of Civ.R. 60(B) Elsie must meet is demonstrate she is entitled to relief under the Rule.
Elsie claims she is entitled to relief under Civ.R. 60(B)(3) and (5). However, Civ.R. 60(B)(5) is intended as a catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment. It is not to be used as a substitute for any of the other more specific provisions of Civ.R. 60(B). Caruso-Ciresi, Inc.v. Lohman (1983), 5 Ohio St.3d 64, syllabus. "It is to be used only in extraordinary and unusual cases when the interests of justice warrant it." Cerney v. Norfolk W. Ry. Co. (1995), 104 Ohio App.3d 482, 491. Therefore, Elsie cannot rely upon Civ.R. 60(B)(5) for relief.
Keeping in mind the liberal construction we are to give to the Rule, we conclude the parties here committed a mutual mistake, thereby entitling Elsie to relief pursuant to Civ.R. 60(B)(1). Neither Elsie nor Walter appear to have understood that, regardless of how they planned to spend the pension in the future, whatever portion of the pension was accumulated during their marriage is a marital asset. Holcomb v. Holcomb
(1989), 44 Ohio St.3d 128, 132. It is up to the trial court to value the pension and allocate it with the other marital assets and liabilities between the parties, in conjunction with the factors contained in R.C.3105.18.
Elsie said she did not mention the pension to the trial court because she "assumed it was his responsibility since he was the household finance taker. He took care of everything." (Tr. p. 10). Walter failed to mention the pension:
 "because [the parties] agreed that the money that was from the carpenter's union for pension was to be used for my burial fund. * * * I mean I didn't put it on the court records because it said what are you receiving now so I put down Workmans Comp and VA. There was no question asking what will I receive later." (Tr. pp. 16-17).
It is clear from the record of the 60(B) hearing that the parties were confused. In this divorce proceeding, neither party presented evidence of a marital asset, due to a mistaken belief it is not a marital asset. It appears to us that Elsie is entitled to relief under Civ.R. 60(B)(1). Because we conclude the parties have made a mutual mistake, we need not determine whether Civ.R. 60(B)(3) is applicable. Although there is a question of fact as to whether Walter's actions rose to the level of misconduct, the determination of which lies solely with the trial court, both parties clearly were in error. Elsie's second assignment of error therefore is meritorious.
On remand the trial court shall determine the value of Walter's pension, which must be included in the property division. The trial court shall then allocate the marital property, including the pension, equitably, considering all relevant factors contained in R.C. 3105.18, and make specific findings of fact supporting that division, to enable appellate review if necessary. We note, however, that as the Supreme Court held in Holcomb, an equitable division of marital assets does not dictate the pension itself must be divided, only that it is one of the assets to be considered in the division of assets between the parties. Holcomb at p. 132.
After the trial court has addressed the property division, it must then determine whether Elsie is entitled to spousal support, Holcomb at p. 130, considering all the factors contained in R.C. 3105.18(C). And as with the property division, the trial court's order shall either grant or deny support in sufficient detail to enable us to engage in a meaningful review, if necessary. Heslep v. Heslep (June 14, 2000), Monroe App. No. 844, unreported.
This holding is not meant to require a trial court to ferret every conceivable bit of information out of the parties. Indeed, we recognize the trial court can only decide the case based on the facts presented to it. Furthermore, we recognize the principle in Civ.R. 60 that litigation must be brought to an end. See Colley v. Bazell (1980), 64 Ohio St.2d 243,248. However, when a party discovers this type of mistake within a reasonable time it is in the interest of justice to grant that party relief under Civ.R. 60(B).
Since we find Elsie's sole assignment of error in Case No. 509 to be meritorious, we need not address the remaining assignment of errors which were set forth in her brief filed in Case No. 493. By reversing the trial court and sustaining Elsie's motion for relief from judgment and remanding the April 17, 1997 divorce decree for further proceedings, the balance of Elsie's assigned errors are moot. To do otherwise would require us to render an impermissible advisory opinion. Bionci v.Boardman Local Schools (June 18, 2001), Mahoning App. Nos. 00CA6, 00CA83, unreported.
For the preceding reasons, we find Elsie's first assignment of error in Case No. 493 to be meritless, and the balance of those assigned errors moot, as we find Elsie's assignment of error in Case No. 509 to be meritorious. Accordingly, the trial court's order of January 26, 1998 is hereby reversed, the trial court's order of April 17, 1997 reversed in part, and the case remanded for further proceedings consistent with this opinion and in accordance with law.
Donofrio, J., Concurs, Waite, J., Concurs.
[1] Because the provisions contained in Civil Rule 75(F) were adopted by the Ohio Supreme Court on July 1, 1998, after the decree of divorce was entered by the trial court, it does not apply to our analysis in this case.