KADISH, HINKEL & WEIBEL CO., L.P.A., Appellee,

v.

RENDINA, Appellant.

[Cite as *Kadish, Hinkel & Weibel Co., L.P.A. v. Rendina* (1998), 128 Ohio App.3d 349.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 72459.

Decided June 15, 1998.

*Kadish, Hinkel & Weibel Co., L.P.A.,* and *Aaron H. Bulloff; and Melvin H. Banchek,* for appellee.

*Bernard, Haffey & Bohnert* and *Edward G. Bohnert,* for appellant.

---

PATRICIA ANN BLACKMON, Administrative Judge.

Appellant Paul A. Rendina appeals a decision by the trial court in favor of appellee Kadish, Hinkel & Weibel Co., L.P.A. (the "law firm") in its breach-of-contract action. Rendina assigns the following error for our review:

"The trial court erred and abused its discretion in denying appellant's motion to vacate judgment."

Having reviewed the record and the legal arguments of the parties, we reverse the judgment of the trial court. The apposite facts follow.

On December 15, 1995, the law firm filed a complaint against Paul and Janet Rendina for nonpayment of fees for legal services rendered. The law firm alleged in its complaint that the Rendinas owed it $21,441.01 with ten percent interest from April 30, 1995. Subsequently, the law firm voluntarily dismissed Janet Rendina without prejudice, and Paul Rendina filed his answer on March 4, 1996.

On May 22, 1996, the case was referred to arbitration. On November 7, 1996, the arbitration panel found for the law firm in the amount of $13,500 plus costs. On November 22, 1996, Rendina filed a motion for leave to file an amended answer and counterclaim. The trial court denied the motion on December 6, 1996 and issued notice to all the parties that trial was scheduled for January 29, 1997.

Rendina did not appear for trial on January 29, 1997 because he was out of the country. Patrick D. Quinn, Rendina's counsel, appeared for the trial, though late. Upon his arrival, Quinn informed the court that Rendina had recently discharged him as his attorney and requested permission to withdraw as counsel. Quinn did not ask for a continuance on Rendina's behalf prior to asking the court's permission to withdraw as counsel. Thereafter, trial commenced *ex parte*. The trial court's verdict was in the law firm's favor in the amount of $21,441.01 with ten percent interest at the date of judgment with costs.

Rendina filed a motion to vacate judgment on March 10, 1997. Rendina attached the following affidavit to his motion:

"2. I first received notice of the January 29, 1997 trial date in this case on January 7, 1997, pursuant to a fax from my former attorney, Patrick D. Quinn.

"3. The postmark on the copy of the trial notice mailed by the Clerk of Courts to attorney Quinn's office and received by me from him on January 7, 1997, was dated December 17, 1996, which was 3 weeks prior to my receipt of the trial notice from attorney Quinn.

"4. On January 7, 1997, upon my receipt of the trial notification, I notified attorney Quinn's office that I would be out-of-the [*sic*] country on January 29, 1997 and unable to attend the trial; and I further instructed attorney Quinn to seek a continuance of the trial date for that reason.

"* * *

"6. The appearance docket in this lawsuit reflects that a formal written motion to continue * * * was never filed on my behalf.

"7. On January 28, 1997, at approximately 6:00 p.m., attorney Quinn informed me by telephone that he was not able to obtain a continuance without myself

appearing in Court on January 29, 1997. At that time, I was out-of-the [*sic*] country and not scheduled to return until later in the day on January 29, 1997.

"8. On January 28, 1997, after my telephone conversation with attorney Quinn, I faxed a letter to attorney Quinn, * * * in which I discharged attorney Quinn in the event a continuance of the January 29, 1997 trial was not obtained.

"9. * * * I did return to Cleveland later in the day on January 29, 1997; and I thereupon went directly to Court, but I was advised that a disposition of this lawsuit had already occurred."

The trial court denied his motion on April 3, 1997.. This appeal followed.

The issue in Rendina's sole assignment of error is whether the trial court abused its discretion when it denied his motion to vacate judgment. Rendina argues that he was out of the country and asked his lawyer far in advance of the trial date to seek a continuance. We agree with Rendina's arguments.

 The standard of review of a Civ.R. 60(B) motion is abuse of discretion. See *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113. "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) [he] has a meritorious defense or claim to present if relief is granted; (2) [he] is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time * * *." *Id.* at paragraph two of the syllabus. The court abuses its discretion if it denies relief where the movant has demonstrated all three factors. See *Mt. Olive Baptist Church v. Pipkins Paints & Home Improvement Ctr., Inc.* (1979), 64 Ohio App.2d 285, 18 O.O.3d 319, 413 N.E.2d 850.

 *GTE* requires Rendina to show that he has a meritorious defense. A meritorious defense exists when the movant specifically alleges operative facts that support a defense to the judgment. See *Elyria Twp. Bd. of Trustees v. Kerstetter* (1993), 91 Ohio App.3d 599, 632 N.E.2d 1376, citing *BancOhio Natl. Bank v. Schiesswohl* (1988), 51 Ohio App.3d 130, 131, 554 N.E.2d 1362.

The Ohio Supreme Court has set forth the form that the movant's defense must take. For example, the movant's answer to the original complaint has been held to be a sufficient defense. *Rose Chevrolet, Inc. v. Adams* (1988), 36 Ohio St.3d 17, 520 N.E.2d 564. Furthermore, in *Rose Chevrolet,* the court held the movant is not required to submit supporting evidence of his defense. *Id.* at 20, 520 N.E.2d at 566–567. However, the movant's allegations must set forth the defense or his evidence must demonstrate that content exists in his allegations. *Elyria* at 602, 632 N.E.2d at 1378–1379. Above all, his allegations must aid the trial court in its decision on the motion.

■ Here, Rendina set forth his defense in his answer to the law firm's complaint and in his affidavit to his motion for relief from judgment. In both, he alleged that he and the law firm did not specifically agree on a fee. However, when he received the law firm's bill, he did contact the firm. Rendina alleged that the attorney who worked on his case, Mr. Bender, acknowledged that the fee bill was probably excessive and agreed to a smaller amount. Rendina alleged that he owes an amount but disputes the amount claimed by the law firm. He also alleged that the arbitration panel ruled that the amount owed was at least $13,500. Rendina further alleges that he found in the law firm's bill specific charges attached to him that related to a different case and a different client. Rendina also questioned the time spent on the case by a junior associate, David Lambert. Rendina alleged that after his conversation with Mr. Bender, he was told not to worry.

Since Rendina is not required to show the truthfulness of his alleged defenses, we conclude that the defenses alleged are meritorious and deserve a hearing. See *Gen. Motors Acceptance Corp. v. Deskins* (1984), 16 Ohio App.3d 132, 16 OBR 140, 474 N.E.2d 1207. Consequently, the first *GTE* factor has been satisfied.

■ The second *GTE* factor requires that Rendina show that he is entitled to relief under one of the grounds in Civ.R. 60(B)(1) through (5). Rendina argues that he is entitled to relief under both Civ.R. 60(B)(1) and (5). Civ.R. 60(B)(1) states that a party is relieved from final judgment for "mistake, inadvertence, surprise or excusable neglect," so long as the motion is made within one year. Civ.R. 60(B)(5) is the justice catchall clause that requires that relief be granted for "any other reason justifying relief from judgment." However, the motion cannot be made under this section to avoid the operation of the one-year limitation applicable in Civ.R. 60(B)(1)(2)(3). *Caruso–Ciresi, Inc. v. Lohman* (1983), 5 Ohio St.3d 64, 5 OBR 120, 448 N.E.2d 1365.

■ Rendina specifically argues that Civ.R. 60(B)(1) applies because he was out of town and his actions should be excused. Rendina had informed his lawyer that he would be out of town on January 29, 1997, and asked his lawyer to seek a continuance. He left town before verifying whether this had been done. The day before the hearing, his lawyer called him to inform him that he needed to be at the hearing in order to request a continuance. Because he was out of the country, this could not be done. Consequently, he argues that his failure to appear and defend this action is excusable under Civ.R. 60. We agree.

It is undisputed that Rendina was out of the country on January 29, 1997, that before leaving, he asked his attorney to seek a continuance, that no continuance was sought, and that he learned from his lawyer on January 28, 1997 that the

case was going forward on January 29, 1997. No evidence exists that Rendina completely ignored the trial date. Based on these facts, we conclude that Rendina's failure to appear was excusable. Because of this ruling, it is unnecessary to decide whether Civ.R. 60(B)(5) applies.

Finally, it is undisputed that Rendina's motion for relief from judgment was timely. The trial court ruled against him on January 29, 1997. He filed his Civ.R. 60(B) motion on March 10, 1997. Accordingly, it was filed within a reasonable time; consequently, the third factor of *GTE* has been satisfied.

█ Rendina's sole assigned error has merit and this matter is reversed and remanded to the trial court for proceedings consistent with this ruling.

*Judgment reversed*
*and cause remanded.*

PORTER, J., concurs.

O'DONNELL, J., dissents.

TERRENCE O'DONNELL, Judge, dissenting.

I respectfully dissent from the conclusions reached by the majority in this matter involving the attempt by the appellee to collect a $21,441.01 legal fee from appellant.

The record before us reflects in relevant part that the trial court referred the matter to an arbitration panel for a hearing and that the panel awarded appellee $13,500 on its claim. Thereafter, appellant appealed the matter back to common pleas court, and the trial judge denied his motion to vacate the award but, on December 17, 1996, scheduled the case for trial on January 29, 1997, and notified appellant's counsel, Patrick Quinn, of the trial date. Quinn, however, delayed notifying appellant of the trial date until January 7, 1997, when appellant advised Quinn that he would be out of the country and instructed Quinn to continue the trial date. Quinn, however, never sought a continuance of the trial date from the court and, on the evening before trial, telephoned his client and instructed him to appear in court the next morning at 9:00 a.m. Appellant declined and sent a facsimile transmission discharging Quinn as his counsel.

Against these facts, with no prior advice or notice given to the trial judge, Quinn appeared in court at 9:30 a.m., informed the court that he had been discharged, and moved to withdraw as counsel; the court denied the motion. Quinn then left the courtroom and the trial proceeded, which resulted in a default judgment against appellant for the full amount of the prayer. Subsequently,

appellant filed a motion for relief from judgment pursuant to Civ.R. 60(B), which the court denied and which is the subject of this appeal.

The failure of appellant to appear at this scheduled trial cannot be imputed to the trial judge as an abuse of discretion. In my view, the trial court has an obligation to adhere to Canon 3(B)(8) of the Code of Judicial Conduct, which states:

"A judge shall dispose of all judicial matters promptly, efficiently, and fairly and comply with guidelines set forth in the Rules of Superintendence for the Courts of Ohio."

Neglect of trial dates by litigants or lawyers cannot be translated into judicial abuse when the court makes efforts to bring matters pending on its docket to resolution in a timely fashion. Here, in an effort to administer its docket, the experienced trial court judge established a trial date and gave ample time and notice to all interested persons; appellant never presented a request for a continuance to the court until the morning of trial, despite earlier knowledge of his inability to proceed. Every trial judge regularly faces these kinds of situations and resolves them judicially.

This matter properly falls within the provisions of Cuyahoga County Court of Common Pleas, General Division Local Rule 15(G), which refers to the assignment of civil cases for trial and which provides in part:

"1. * * * If a defendant, either in person or by counsel, fails to appear, and the plaintiff appears, the judge shall order the plaintiff to proceed with the case and decide and determine all matters ex parte.

"2. If a party or counsel appears but shows good cause as to why he is not ready for trial, the court shall make such order or orders it deems proper. If a party or counsel appears but indicates he is not ready for trial without showing good cause for his unreadiness, the court, if such party is plaintiff, shall enter an order dismissing the action for want of prosecution or, if a defendant, order the plaintiff to proceed with the case and determine all matters ex parte."

Hence, when the court proceeded to trial, it did not err or abuse its discretion, nor did it do so in denying the motion for relief from judgment.

Therefore, I dissent. I believe the judgment should be affirmed.