JOURNAL ENTRY AND OPINION
Defendant-appellant James H. Washington (appellant) appeals from the decision rendered in the Cuyahoga County Common Pleas Court which denied his motion to vacate settlement agreement. For the reasons stated below, we affirm.
On November 7, 1995, Thomas Mester commenced a complaint in Cuyahoga County Common Pleas Court, case no. 297916, in which he requested damages, injunction and other relief. James H. Washington, Inc. d.b.a. World Tours f.k.a. World Tours Inc. and James H. Washington were named as party defendants in the matter. Subsequently, on June 3, 1998, the parties entered into a settlement agreement and the trial court dismissed the case with prejudice while retaining jurisdiction as to the interpretation and enforcement of the settlement agreement. On August 27, 1998, appellee by motion claiming that James H. Washington, Inc. d.b.a. World Tours and James H. Washington individually had failed to abide by the terms of the agreement requested the trial court to enforce the June 3rd settlement agreement and/or in the alternative to vacate the settlement and enter judgment. On September 17, 1998, the trial court granted appellee's unopposed motion and granted judgment in favor of appellee against appellant in the principal amount of $40,000 together with interest at the rate of ten percent per annum from the date of judgment and costs in accordance with the liquidated damages clause of the agreement. No appeal was taken from the trial court judgment.
A year later, on August 27, 1999, appellant James H. Washington moved the court for an order vacating the June 3rd settlement agreement. In this motion, appellant asserted that the bankruptcy proceeding of World Tours, Inc. alleviated the obligation of appellant James Washington to satisfy the judgment. Appellee filed his opposition to this motion on September 10, 1999. On October 27, 1999, the trial court, without setting forth its reasoning, denied appellant's motion. This appeal follows in which appellant James H. Washington, individually, advances a single assignment of error for our review.
 THE TRIAL COURT ERRED BY NOT VACATING OR MODIFYING A SETTLEMENT AGREEMENT FOR THE DEFENDANT WHEN THE CIRCUMSTANCES CHANGE AND THE COURT EXPRESSLY RETAINS JURISDICTION TO ENFORCE SAID AGREEMENT.
In his sole assignment of error, appellant complains that the trial court erred in denying his motion to vacate the settlement agreement. Specifically, appellant contends that the trial court, at the very least should have interpreted the contract, the agreement, and made a determination as to whether he complied with the terms and conditions of the agreement. Moreover, appellant argues that the debt owed to appellee was legally satisfied by the filing of the bankruptcy by the corporation when the debt was included in the bankruptcy of World Tours in United States Bankruptcy Court, case no. 98-20075-M. Appellee, on the other hand, asserts that the only issue before this court is whether the trial court properly denied appellant's motion where the only reason set forth in the motion to vacate was that the filing of a Chapter 7 Bankruptcy by a non-party, World Tours, Inc. should satisfy the terms of the settlement agreement with regard to appellant.
The record clearly demonstrates that on September 17, 1998, upon motion by appellee claiming default of the settlement agreement by both parties, James H. Washington Inc. d.b.a. World Tours and James H. Washington individually, judgment was entered in favor of appellee and against appellant James H. Washington individually and party-defendant James H. Washington Inc. d.b.a. World Tours. That judgment, in conformance with the liquidated damages clause as set forth in paragraph six of the settlement agreement, was entered in favor of appellee in the principal amount of $40,000. Neither James H. Washington individually nor James H. Washington Inc. d.b.a. World Tours challenged this judgment on appeal. Thus, a plain reading of appellant's motion to vacate the settlement agreement upon which the judgment had already been entered after default of the terms of the agreement by appellant and party-defendant could lead the trial court to conclude that appellant's motion was moot. Thus, under the foregoing analysis, the trial court could properly deny appellant's motion.
Nonetheless, because the trial court's decision does not elucidate its reasoning for denying appellant's motion, we will consider appellant's motion as one advanced pursuant to Civ.R. 60(B). Upon review, however, even under this more expansive reading of appellant's motion, we find appellant's challenge to the decision of the trial court to be without merit.
Civ.R. 60(B) provides that a court may relieve a party from a judgment or order of the court when certain requirements are met:
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: 1) mistake, inadvertence, surprise or excusable neglect; 2) newly discovered evidence * * *; 3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; 4) the judgment has been satisfied, release or discharged * * *; or 5) any other reason justifying relief from the judgment.
A trial court has discretion in determining whether to grant a Civ.R. 60(B) motion for relief from judgment. Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20; Kadish, Hinkle Weibel Co. L.P.A. v. Rendina (1998), 128 Ohio App.3d 349, 352. Thus, a trial court's decision regarding a Civ.R. 60(B) motion will not be reversed on appeal absent a showing of abuse of discretion. Doddridge v. Fitzpatrick (1978),53 Ohio St.2d 9, 11. A reviewing court, therefore, will not disturb the trial court's decision absent a clear showing of an abuse of discretion. Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77; Adomeit v. Baltimore (1974), 39 Ohio App.2d 97, 102. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
The gist of post-trial relief is to remedy an injustice resulting from a cause that cannot reasonably be addressed during the ordinary trial and appellate proceedings. See Volodkevich v. Volodkevich (1988),35 Ohio St.3d 152, 153. In other words, Civ.R. 60(B) is not a viable means to attack legal errors made by a trial court; rather, it permits a court to grant relief when the factual circumstances relating to a judgment are shown to be materially different from the circumstances at the time of the judgment. Kay v. Marc Glassman (1996), 76 Ohio St.3d 18.
In order to prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), the movant must demonstrate that: (1) he has a meritorious claim or defense; (2) he is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time. GTE Automatic Electric, Inc. v. ARC Industries (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus. The movant's burden is only to allege a meritorious defense not to prevail on the merits of the defense. Moore v. Emmanuel Family Training Ctr., Inc. (1985), 18 Ohio St.3d 64, 479 N.E.2d 879. If any of these three requirements is not met, the motion should be overruled. Svoboda v. Brunswick (1983), 6 Ohio St.3d 348, 351. The trial court abuses its discretion where grounds for relief from judgment are sufficiently alleged and are supported with evidence that would warrant relief from judgment but fails to hold a hearing on the matter. Kay v. Marc Glassman, Inc., supra; see, also, Brotherhood of Locomotive Engineers v. Dixon (July 23, 1998), Cuyahoga App. No. 72269, unreported. However, the trial court should overrule a Civ.R. 60(B) motion if the movant fails to meet all three of the GTE requirements. Volodkevich v. Volodkevich, supra.
Initially, we note that in this appeal, appellant's argument pertaining to the interpretation of the agreement and the parties' compliance with the terms and the conditions of the agreement merely challenge the correctness of the court's decision when it entered judgment on the merits and could have been raised on appeal. Civ.R. 60(B) is not available as a substitute for appeal and cannot be used to challenge the correctness of the trial court's decision on the merits. See Colley v. Bazell (1980), 64 Ohio St.2d 243, 245. In the instant case, appellant simply disregarded or ignored the obligation under the Civil Rules to present his case. Thus, we shall not consider those arguments in this appeal.
However, in his motion, appellant advanced an argument which we construe to be made within the contemplation of Civ.R. 60(B)(4). Appellant claimed that the judgment debt owed by him has been legally satisfied by the Corporation due to the debt's inclusion in the bankruptcy action of World Tours in case no. 98- 20075-M. However, appellant has failed to present documentary evidence to show that the debt in question has been included in any bankruptcy action; that the purported bankruptcy of World Tours involves the debt in question; or, that the bankruptcy of a separate corporation satisfies appellant's judgment debt. Thus, the motion filed in the trial court, including its supporting documentation, fails to demonstrate that the judgment entered by the trial court on September 17, 1998 has in any way been satisfied.
If a movant requesting relief under Civ.R. 60(B) has not demonstrated that they are entitled to relief under this rule, a court does not abuse its discretion in denying the requested relief without a hearing. Bates
Springer, Inc. v. Stallworth (1978), 56 Ohio App.2d 223, 228; see, also, Kay v. Marc Glassman, Inc., supra. As appellant has not demonstrated such an entitlement, it was not error for the trial court to deny appellant's motion.
Judgment affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
_____________________________ TIMOTHY E. McMONAGLE, JUDGE
DYKE, A.J. and
PATTON, J., CONCUR.