JOURNAL ENTRY AND OPINION
Appellant, Cynthia Kline, appeals from the judgment of the Cuyahoga County Court of Common Pleas, which denied her motion for relief from judgment.
On October 31, 1995, appellant filed a complaint against the City of Parma, the Parma Police Department and Lieutenant Kim Cornachio for civil rights violations, assault and battery, false imprisonment, intentional infliction of emotional distress, and negligent infliction of emotional distress. At the commencement of the action, appellant was represented by Gail Rose Kane. On June 12, 1996, Mark Stanton filed a notice of appearance of counsel informing the court that he is counsel for Plaintiff Cynthia Kline and that Plaintiff's prior Counsel, Gail Rose Kane, has been ascended to the Cuyahoga County Common Pleas bench and must necessarily withdraw as Counsel." On April 8, 1997, the trial court issued a notice that the case had been referred to arbitration. Shortly thereafter, on April 28, 1997, Mark Stanton filed a notice of withdrawal of counsel. On May 23, 1997, appellant filed a pro se motion requesting the court to delay the proceedings based on her current lack of representation. In her motion, appellant indicated that she was confused by the assignment of the case to arbitration. A week later, the court vacated its referral of the case to arbitration. On June 11, 1997, the trial court granted Stanton's motion to withdraw as counsel.
On October 1, 1997, the trial court denied appellant's motion for delay and set a trial date of December 8, 1997. Appellant failed to appear for trial, and the trial court dismissed her case for want of prosecution on December 9, 1997. Approximately three years later, on December 20, 2000, appellant filed a motion to vacate the December 9, 1997 judgment, which the trial court denied. From this denial, appellant assigns the following errors:
 I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO VACATE WITHOUT FIRST CONDUCTING AN EVIDENTIARY HEARING.
 II. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO VACATE.
 III. THE TRIAL COURT ERRED IN DENYING APPELLANT DUE PROCESS OF LAW AS GUARANTEED PURSUANT TO THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION.
 IV. THE TRIAL COURT ERRED IN THAT IT POSSESSED A DUTY TO ENFORCE THE MANDATE OF DR 2-110(A)(2) AND LOC.R. 10(B) OF THE GENERAL DIVISION OF THE CUYAHOGA COUNTY COURT OF COMMON PLEAS, BUT FAILED TO MEET THAT DUTY.
Appellant's first and second assignments of error will be addressed together. In appellant's first assignment of error, she contends that the trial court erred by denying her motion without conducting an evidentiary hearing. In her second assignment of error, she argues that the trial court erred by denying her motion to vacate because she was entitled to relief from judgment pursuant to Civ.R. 60(B)(5). She asserts that she established the existence of a meritorious claim and that the motion was made within a reasonable time given the circumstances of her case. Civ.R. 60(B) provides in pertinent part:
 On motion and upon terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; * * * (5) any other reason justifying relief from the judgment. * * *
In GTE Automatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146, the Supreme Court of Ohio held:
 To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.
As the Court stated in Moore v. Emmanuel Family Training Ctr., Inc.(1985), 18 Ohio St.3d 64, 479 N.E.2d 879, [s]hould any prong of the standard for granting motions brought under Civ.R. 60(B) be unsatisfied, relief shall be denied. Id. at 67, quoting Argo Plastic Products Co. v. Cleveland (1984), 15 Ohio St.3d 389. A court abuses its discretion by denying a Civ.R. 60(B) motion where the movant has satisfied all three prongs of the GTE test. Kadish, Hinkle Weibel Co. v. Rendina (1998),128 Ohio App.3d 349, 352, 714 N.E.2d 984. A court is not required to conduct an evidentiary hearing if the motion does not contain allegations of operative facts which would warrant relief under Civ.R. 60(B). Kay v. Marc Glassman, Inc. (1996), 76 Ohio St.3d 18, 19, 665 N.E.2d 1102.
We cannot conclude that the trial court abused its discretion by denying appellant's motion for relief from judgment. We do not need to address whether appellant's motion satisfies the first and second prongs of the GTE test because appellant has failed to establish that her motion was filed within a reasonable time. Although the record reveals that the trial court did not update the docket and continued to send notices to appellant's initial counsel, Gail Rose Kane, this alone does not excuse appellant's neglect of her case. Accepting appellant's contention that she never received notice that the trial court had dismissed her case, she had the duty, even as a pro se litigant, to inquire about the status of her case sometime before three years had elapsed.
It is evident from appellant's attempt to delay the proceedings that she was capable of communicating with the trial court; however, she never bothered to inquire as to what action the trial court took on her motion to delay. If appellant truly had desired to proceed with her case, she would have attempted to determine the court's disposition of her motion or hired substitute counsel shortly after Stanton's withdrawal. Had appellant followed either of the above courses of action, she would have learned that the trial court had dismissed her case. She then could have filed a motion for relief from judgment based upon excusable neglect. Instead, appellant waited for over three years before she took any action on her case. Given appellant's complete failure to prosecute her case, we cannot conclude that three years constitutes a reasonable time under Civ.R. 60(B). Because appellant failed to allege operative facts entitling her to relief from judgment, the trial court did not abuse its discretion by denying her Civ.R. 60(B) without conducting an evidentiary hearing. Appellant's first and second assignments of error have no merit and are overruled.
We do not need to address appellant's third and fourth assignments of error because they relate to whether appellant had grounds for relief under Civ.R. 60(B)(5). As we have determined that appellant's motion was not filed within a reasonable time, we do not need to address whether appellant was entitled to relief because she was allegedly denied due process of law or prejudiced by the trial court's granting of her attorney's motion to withdraw.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, J., CONCURS IN JUDGMENT ONLY. MICHAEL J. CORRIGAN, P.J., DISSENTS (SEE SEPARATE DISSENTING OPINION).