{¶ 1} On July 23, 2001, Plaintiff-Appellant (Kordinak) recovered a $600,000 default judgment ($100,000 compensatory damages and $500,000 punitive damages) against Defendant-Appellee (Niles Gun Show, Inc., hereafter, "Niles").
 {¶ 2} On September 7, 2001, Niles filed a motion for relief from judgment per Civ.R. 60(B), challenging, inter alia, the service of process and personal jurisdiction over the corporation.[1]
 {¶ 3} Following an evidentiary hearing the trial court sustained the motion and vacated its July 23, 2001 judgment. Kordinak appeals assigning four errors:
I. The Trial Court Erred In Vacating Its Judgment Entry GrantingDefault Judgment Based Upon An Affidavit That Fails To Indicate WhetherThe Facts Stated Therein Are Based Upon The Affiant's PersonalKnowledge.
 II. The Trial Court Erred In Vacating Its Judgment Entry GrantingDefault Judgment Based Upon The Affidavits Of Mr. Walters And Mr. WarnerWhere Said Affidavits Failed To Demonstrate That Niles' Timely Filed ANotice Of S Corporation Status With The Department Of TaxationContaining Niles' Current Address.
 III. The Trial Court Erred In Vacating Its Judgment Entry GrantingDefault Judgment Based Upon Mr. Warner's Testimony That The DepartmentOf Taxation Treats And Handles The "Filing" Of Form FT 1120-S The Same AsForm FT 1120.
 IV. The Trial Court Erred In Vacating Its Judgment Entry GrantingDefault Judgment Because Niles Knowingly Invited Any Error Committed ByThe Secretary Of State.
 {¶ 4} Upon our independent review of the record we find that the trial court did not abuse its discretion in vacating the default judgment and reinstating the case for merit trial. We AFFIRM the judgment. Our reasons follow.
 {¶ 5} The singular issue addressed in each of the Assignments of Error, as well as the Issues Presented For Review, is the validity of the substituted service of process upon Niles, a subchapter S corporation, incorporated under the laws of Ohio. R.C. 1701.07, governing service on a corporation, provides:
(H) Any process, notice, or demand required or permitted by statute to be served upon a corporation may be served upon the corporation by delivering a copy of it to its agent, if a natural person, or by delivering a copy of it at the address of its agent in this state, as the address appears upon the record in the office of the secretary of state. If (1) the agent cannot be found, or (2) the agent no longer has that address, or (3) the corporation has failed to maintain an agent as required by this section, and if in any such case the party desiring that the process, notice, or demand be served, or the agent or representative of the party, shall have filed with the secretary of state an affidavit stating that one of the foregoing conditions exists and stating the most recent address of the corporation that the party after diligent search has been able to ascertain, then service of process, notice, or demand upon the secretary of state, as the agent of the corporation, may be initiated by delivering to the secretary of state or at the secretary of state's office quadruplicate copies of such process, notice, or demand and by paying to the secretary of state a fee of five dollars. The secretary of state shall forthwith give notice of the delivery to the corporation at its principal office as shown upon the record in the secretary of state's office and at any different address shown on its last franchise tax report filed in this state, or to the corporation at any different address set forth in the above mentioned affidavit, and shall forward to the corporation at said addresses, by certified mail, with request for return receipt, a copy of the process, notice, or demand; and thereupon service upon the corporation shall be deemed to have been made. R.C. 1701.07(A)
 {¶ 6} In his January 27, 2000, complaint Kordinak alleged that Niles, a gun show promoter, permitted unlicenced vendors to sell unreasonably dangerous explosive devices; that Kordinak purchased "pest control device(s)" from a vendor at the show (Fire Star); on July 4, 1999, he attempted to launch the self-propelled flare with a flare launcher he had also purchased from a different vendor at the show; and the device exploded in the launcher causing personal injuries. Kordinak prayed for compensatory and punitive damages.
 {¶ 7} Attempted service of process by certified mail upon Nile's statutory agent was returned marked, "undeliverable as addressed, forwarding order expired." February 3, 2000.
 {¶ 8} The next filings by Kordinak with the court were a Motion for Default Judgment, and "Proof of Service by Secretary of State." April 19 and 20, 2000. The Proof of Service, executed by J. Kenneth Blackwell, Secretary of State, recites,
Date of Service: March 17, 2000. Case No. 2000CV00232
JAMES KORDINAK VERSUS NILES GUN SHOW, INC.
 The Secretary of State of Ohio received service of summons, notice or demand as the statutory agent for the above listed defendant under Section 1701.07(H) of the Ohio Revised Code. Service was attempted by certified mail at the address of the statutory agent and any address of the corporation. The Secretary of State has fulfilled its obligation under the Ohio Revised Code.
Sincerely,
 /s/ J. Kenneth Blackwell J. Kenneth Blackwell Secretary of State
 {¶ 9} Kordinak's Certificate of Service of the Motion for Default Judgment recites that service was "attempted" on Niles, c/o Richard Walters, Agent at his last known address, 177 Summerberry Lane, Niles, Ohio, 44446, April 19, 2000. There is no return of this service, either served or not served, in the file.
 {¶ 10} On April 27, 2000, the trial court found that Niles "was duly served by serving the Ohio Secretary of State pursuant to Ohio Revised Code Section 1701.07(H) on March 17, 2000," that it had failed to appear or plead, and granted default judgment and set the matter for damage hearing.
 {¶ 11} Thereupon Kordinak mailed copies of this order to Niles by certified mail; on May 4, 2000. Service was returned "undeliverable as addressed forwarding order expired.
 {¶ 12} During subsequent hearings before the trial court service was returned failed.
 {¶ 13} Then, in its July 23, 2001, final judgment the trial court modified the decision of the Magistrate, found that the Defendant-Appellee was in default for answer or appearance, found that the conduct of Niles was such as to entitle Kordinak to compensatory and punitive damages, and granted judgment in favor of Kordinak and against Niles Gun Show, Inc., in the amount of $100,000 (compensatory) and $500,000 (punitive) plus costs. Notice of this judgment upon Niles was returned "failed, return to sender, incorrect address."
 {¶ 14} Less that one month after the final judgment, on August 21, 2001, Niles filed a Notice of Appeal, and on September 7, 2001, filed the herein considered Motion for Relief From Judgment. In its motion Niles claimed (1) the judgment is void ab initio for want of personal jurisdiction, (2) surprise and excusable neglect timely asserted, with meritorious defenses, including improper venue and want of legal duty. Civ.R. 60(B).
 {¶ 15} In its June 4, 2002, judgment vacating the July 23, 2001, default judgment, the trial court, after evidentiary hearing and briefing, found that the Secretary of State failed to comply with the "franchise tax return" qualifications of R.C. 1701.07 requiring sending service to the 4723 Creekside Blvd., Vienna, Ohio, address. The court concluded "that service has not been perfected." The court did not consider the other issues raised in Niles' motion. See 6/2/02 Judgment.
 {¶ 16} In considering such a motion the trial court is invested with the exercise of sound discretion. Our appellate review is limited to a determination of whether the trial court abused such discretion.Kadish, Hiinkel Weibel Company, LPA v. Rendina (1998),128 Ohio App.3d 349; GTE Automatic Elec., Inc. v. ARC Industries, Inc.
(1976), 47 Ohio St.2d 146. We are obliged to affirm the trial court decision unless its judgment reflects an attitude that is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore(1983),5 Ohio St.3d 217.
 {¶ 17} In exercising its discretion the trial court begins with a presumption that the statement of the Secretary of State is accurate and service of process was complete according to law. See Cedar Bay Constr.,Inc. v. Fremont(1990), 50 Ohio St.3d 19, 552 N.E.2d 202.
 Sufficiency of Warner Affidavit {¶ 18} Appellant alleges that the affidavit of Eddie Warner, Jr., is inadmissible for want of an assertion that the testimony is based upon personal knowledge. Warner alleges: he is keeper of files and records for the Ohio Department of Taxation; the Department's records indicate that Niles Gun Show, Inc. timely filed Form FT-1120-S for tax year 1998; he was unable to locate the original or any copy of the 1998 filing; and the Department "treats and handles the filing of a Notice of S Corporation Status by an S Corporation in the same manner as it does the filing of a Form FT-1120 by a C Corporation.
 {¶ 19} Appellant offered no evidence to contradict the content and clear implications of this affidavit as relates to procedure within the Department of Taxation and the Secretary of State. While the affidavit does not include an express statement that it is based on personal knowledge, it avers that Warner is the keeper of the department's records, and reports the results of a search of such records. The court did not err in finding the affidavit admissible and probative.
 {¶ 20} THE FIRST ASSIGNMENT OF ERROR IS OVERRULED.
 II. Failure to Timely File Notice of S Corporation Status With Current Address {¶ 21} Appellant challenges the sufficiency of the evidence that a timely FT 1120-S form was filed with the Department of Taxation.
 {¶ 22} We conclude, from an examination of the record there was sufficient evidence presented to allow the court to conclude that the appropriate form was filed with the Department of Taxation and noted to the Secretary of State. See Exh. B. There was no contrary evidence.
 {¶ 23} THE SECOND ASSIGNMENT OF ERROR IS OVERRULED.
 III. Franchise Tax Report {¶ 24} A subchapter S corporation is not required to file a franchise tax report. The report that is filed is a Form FT 1120-S, which advises the Department of Taxation that such corporation is not required to file a franchise tax report. This is contrasted with Form FT 1120-C, which is the franchise tax report of a profit corporation.
 {¶ 25} The trial court was satisfied that the affidavit testimony of Eddie Warner elevated the subchapter S status filing to that of a "franchise tax report" so as to bring the delivery thereof to the Secretary of State within the purview of that provision of R.C. 1701.07(E), placing a burden upon the Secretary to use the different addresses contained therein for purposes of substituted service of process.
 {¶ 26} We agree.
 {¶ 27} Substituted service of process is a legislative quid pro quo for the advantages (such as insulation from personal liability) that accrue to a corporation. In Ohio, the provisions for substituted service of process, R.C. 1701.07, were adopted, in slightly varied form as early as 1955. At that time there was no such entity as a subchapter S corporation. S corporation designation is a legislative modification of corporate status that extends a potential tax benefit to a corporation while preserving, in every other respect, corporate benefits and responsibilities. The legislature has never changed the ". . . shown on its last franchise tax report filed in this state . . ." language. R.C.1701.07(H). The trial court found that the Department of Taxation, nevertheless, forwarded both Subchapter S corporations and C corporation forms to the Secretary of State. It logically follows that the expectations of the legislature and any and all corporations is that the addresses shown on such form, be it Form 1120, franchise tax for a C corporation, or 1120-S, establish the notice duty upon the Secretary of State. Here, the FT1120-S "Notice of Corporate Status" form of Niles gun Show, Inc. identifies its address as 4723 Creekside Blvd., Vienna, OH, 44473. It also identifies the statutory agent's address as Richard Walters, 177 Summerbery Ln., Niles, OH, 44446 The Secretary of State should have sent notice to both addresses. R.C. 1701.07(H).
 {¶ 28} There is no evidence to contradict the clear testimony of the Appellee that neither the corporation nor the statutory agent had any notice of the proceedings until Mr. Walters heard about a newspaper report during the weekend of August 18-19, 2001. Walters Aff., Par. 5, 6.
 {¶ 29} Appellant also argues that Niles is foreclosed from claiming that the Secretary of State failed in his obligation to notify the corporation at the proper addresses, because Niles was in violation of the requirement of R.C. 1701.07(E) that an address change must be filed with the Secretary of State.
If the agent changes the agent's address from that appearing upon the record in the office of the secretary of state, the corporation or the agent shall forthwith file with the secretary of state, on a form prescribed by the secretary of state, a written statement setting forth the new address. R.C. 1701.07(E).
 {¶ 30} However, remedies for violation of this provision do not include estoppel to challenge inaccurate of incomplete substituted service in a legal action. Ohio Leitina Company v. Vandra BrothersConstruction, Inc. (November 12, 1998), Cuyahoga App. No. 72616, unreported.
 {¶ 31} We conclude that the failure of the Secretary of State to notify the Subchapter S corporation at both the Creekside Blvd., and the Summerbery Ln. addresses, fatally flaws the substituted service of process procedure, and renders the Stark County Court of Common Pleas devoid of personal jurisdiction over said corporation, at the time the default judgment was entered.
 {¶ 32} When an already overburdened trial court elects to vacate its default judgment and burden itself with further hearing on the merits of a case, we are constrained to respect this exercise of judicial discretion. Here it is clear the corporation had no actual notice of the proceedings until its president, statutory agent, and sole owner learned by reading a report in a newspaper of the significant compensatory and punitive damage award awarded against his company. He acted promptly and decisively to obtain relief and an opportunity to be heard. (Although not necessary when the ruling goes to want of jurisdiction, Niles also presents claims that would amount to meritorious defenses, as to venue, liability, damages, and punitive damages.)
 {¶ 33} THE THIRD ASSIGNMENT OF ERROR IS OVERRULED.
 IV. Invited Error {¶ 34} Principles of invited error do not apply in this case. There is no evidence of any inducement to error. See State v.Campbell(2000), 909 Ohio St.3d 320.
 {¶ 35} The Fourth Assignment Of Error Is Overruled.
 {¶ 36} The Judgment Of The Stark County Court Of Common Pleas Is Affirmed And The Cause Is Remanded For Further Proceedings According To Law.
[1] A Notice of Appeal was filed with this court on August 21, 2001, and that appeal was stayed pending remand for the purpose of considering the Civ.R. 60(B) motion.