[Cite as *Volo Ents., L.L.C. v. Fiore*, 2012-Ohio-4570.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| VOLO ENTERPRISES, LLC, | ) | |
| | ) | CASE NO.  11 MA 190 |
| PLAINTIFF-APPELLANT, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| DANIEL R. FIORE, et al., | ) | |
| | ) | |
| DEFENDANTS-APPELLEES. | ) | |

CHARACTER OF PROCEEDINGS:      Civil Appeal from County Court No. 5, Case No. 08CVG283CNF.

JUDGMENT:      Affirmed.

APPEARANCES:

For Plaintiff-Appellant:      Attorney Anthony Gemma
Attorney Joshua Hiznay
Gemma & Gemma
1040 South Commons Place
Suite 202
Youngstown, OH  44514

For Defendants-Appellees:      Attorney Stuart Strasfeld
Attorney Joseph Bishara
Roth, Blair, Roberts, Strasfeld
& Lodge
100 Federal Plaza East, Suite 600
Youngstown, OH  44503

JUDGES:
Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Joseph J. Vukovich

Dated:  September 24, 2012

DeGenaro, J.

{¶1} Plaintiff-Appellant, Volo Enterprises, LLC, appeals the decision of the Mahoning County Court No. 5, granting the motion to vacate pursuant to Civ.R. 60(B) filed by Defendants-Appellees, Kimberly Fiore and Spring Fresh Professional Cleaning Services, Inc. On appeal, Volo Enterprises argues that the trial court abused its discretion in granting the motion to vacate because Appellees did not establish a meritorious defense or that they were entitled to relief due to excusable neglect.

{¶2} Upon review, Volo Enterprises' argument is meritless. The trial court held a hearing on Appellees' motion to vacate judgment, but Volo Enterprises has failed to file a transcript of that hearing or a reasonable alternative. Without a transcript of the hearing, this court must presume the validity of the trial court's proceedings in granting the motion to vacate. Accordingly, the judgment of the trial court is affirmed.

### Facts and Procedural History

{¶3} On June 13, 2008, Volo Enterprises filed a complaint for forcible entry and detainer against Daniel Fiore, Kimberly Fiore, Spring Fresh Professional Cleaning, and AMCON. Volo Enterprises alleged that the Defendants entered into possession of 11443 South Avenue, North Lima, Ohio as tenants under a month to month tenancy. On April 25, 2008, Volo Enterprises served a three day written notice to the Defendants to vacate the premises due to nonpayment of rent. On June 1, 2008, the Defendants owed Volo Enterprises $3,000 in past due rent for the months of April, May, and June at the rate of $900 per month plus a late fee of $100 per month. Volo Enterprises alleged that the Defendants were now unlawfully detaining possession of the premises.

{¶4} In its first cause of action, Volo Enterprises demanded restitution of the premises. In its second cause of action, Volo Enterprises demanded judgment in the amount of $3,000 for unpaid rent, late fees, and unpaid utility bills. Volo Enterprises also alleged that the Defendants would owe further rent commencing on July 1, 2008 until the premises are restored to Volo Enterprises, together with other damages not yet determined.

{¶5} After the Defendants failed to appear in court on the first cause of action, the trial court ordered a writ of restitution to issue on July 11, 2008. The court continued

the second cause of action.

{¶6} On November 3, 2008, Volo Enterprises filed an amended complaint, amending its second cause of action to allege that the Defendants owe $4,000 for unpaid rent and late fees for the months of April through July 2008. Volo Enterprises also claimed that the Defendants caused further damage to the premises in the amount of $10,000. Thus, Volo Enterprises demanded judgment in the amount of $14,000.

{¶7} On January 27, 2009, the Defendants, with leave of court, filed an answer and counterclaim. They admitted that they entered into a month to month tenancy of the premises and that Volo Enterprises served them with a written notice to vacate the premises. They denied that they owed $4,000 in rent and late fees and that they caused further damages to the premises in the amount of $10,000. Thus, the Defendants prayed that the claims against them be dismissed with prejudice. In their counterclaim, the Defendants alleged that in February 2008, the parties entered into a verbal month to month tenancy for the Defendants to occupy the premises, as well as a verbal agreement for repairs and improvements to the premises. The Defendants alleged that Volo Enterprises had breached this agreement for repairs and improvements. They also claimed that certain repairs and improvements were made to the premises, adding value in the amount of $15,000 and that Volo Enterprises had been unjustly enriched. Thus, the Defendants demanded judgment against Volo Enterprises in the amount of $15,000.

{¶8} On March 30, 2009, Volo Enterprises filed a reply to the Defendants' counterclaim. It admitted that the parties entered into a verbal month to month tenancy in February 2008 and a verbal agreement for repairs and improvements but denied the rest of the allegations in the counterclaim.

{¶9} On December 15, 2010, the matter came for a status hearing before the magistrate where all parties and counsel appeared, but the parties were unable to reach a settlement. The magistrate issued a decision following the hearing, stating that the case would be set for trial in 30 days. The trial court adopted the magistrate's decision, and notice of the trial date was sent to both parties' counsel on December 30, 2010.

{¶10} On February 25, 2011, the matter came for trial before the court on Volo

Enterprise's second cause of action for damages. Volo Enterprises' owner and counsel were present in court; the Defendants failed to appear, although their counsel, Attorney Sinclair, appeared on their behalf. Following the trial, the court issued a judgment entry denying the Defendants' motion for continuance and granting Volo Enterprises' motion to amend the amended complaint to request $15,000 in damages. The court granted judgment in favor of Volo Enterprises and against Daniel and Kimberly in the amount of $15,000. Following a motion to clarify this judgment entry because it only granted judgment against Daniel and Kimberly, the trial court issued an amended judgment entry granting judgment against the Defendants, jointly and severally, on March 4, 2011.

**{¶11}** On March 9, 2011, Volo Enterprises filed a motion for a debtor's examination of the Defendants. The trial court set the matter for a debtor's examination on May 5, 2011. Notice was sent via certified mail to Daniel and Kimberly on March 11, 2011 to 10580 W. Pine Lake Road, but the service was unclaimed and returned to sender. The summons for the debtor's examination was then served to Daniel and Kimberly via residence service on April 26, 2011 at the W. Pine Lake address.

**{¶12}** The Defendants failed to appear for the debtor's examination and the court continued the case for 30 days for Volo Enterprises to file a motion to show cause. On May 16, 2011, Volo Enterprises filed the motion to show cause for Daniel and Kimberly. The court granted this motion on May 18, 2011 and set a show cause hearing. The summons for the show cause hearing was then personally served on Kimberly on July 13, 2011. On August 4, 2011, Kimberly and Daniel failed to appear for the show cause hearing, and the court continued the case for 30 days for Volo Enterprises to file a motion and order for contempt and for issuance of a capias.

**{¶13}** On August 8, 2011, Volo Enterprises filed a motion, requesting that the court find Kimberly in contempt and issue a capias for her arrest. Volo Enterprises alleged that personal service for the show cause hearing was obtained on Kimberly on July 13, 2011 (service was not obtained on Daniel), but she failed to appear at the August 4, 2011 hearing. The trial court granted this motion on August 10, 2011, and an arrest warrant was issued on August 11, 2011.

**{¶14}** On August 17, 2011, Kimberly and Spring Fresh filed a motion to vacate, pursuant to Civ.R. 60(B): the February 25, 2011 judgment entry, the March 4, 2011 amended judgment entry, and the August 11, 2011 arrest warrant, so that the case could be decided on the merits. Kimberly, the owner of Spring Fresh, alleged that she was unaware of the February 25, 2011 trial and the May 5, 2011 debtor's examination, and her failure to attend the show cause hearing was due to mistake or inadvertence. She claimed that she was entitled to relief from judgment due to mistake, inadvertence, and excusable neglect. She also argued that she had a meritorious defense because there was no evidence that established that she or Spring Fresh ever had a business relationship with Volo Enterprises.

**{¶15}** Kimberly attached her own affidavit in support of her motion to vacate judgment. In her affidavit, she claimed that in February 2008, her husband, Daniel, entered into an oral agreement with Volo Enterprises to rent the premises because he needed warehouse space for his business, AMCON. Kimberly alleged that she was not a party to the oral agreement, but she planned to use the front office of the premises for Spring Fresh. However, neither she nor Spring Fresh occupied the premises in any way, nor were any renovations made on their behalf.

**{¶16}** Kimberly further claimed that she did not receive notice of the February 25, 2011 trial because when the notice was sent, she was not living at the W. Pine Lake address. She had moved in with her niece due to marital troubles. She claimed that her former attorney, Attorney Sinclair, did not notify her of this trial date. Furthermore, she did not receive the summons for the debtor's exam sent via certified mail on March 11, 2011 or the residence service on April 26, 2011 because she was no longer living at the W. Pine Lake address. She alleged that she moved to a new residence on March 14, 2011 and she attached a receipt for the first month's rent. Until July 13, 2011, when she received notice of the judgment against her, she believed that the dispute had been resolved following the December 15, 2010 status hearing. Once she received notice, she contacted her current attorney.

**{¶17}** On August 19, 2011, Kimberly and her counsel appeared in court, and the

trial court issued a journal entry stating that the bench warrant shall not issue.

**{¶18}** On August 31, 2011, Volo Enterprises filed a memorandum in opposition to Kimberly and Spring Fresh's motion to vacate judgment.

**{¶19}** Following a hearing, the trial court issued a judgment entry on September 30, 2011, granting "Defendant's" motion to vacate judgment. Following Volo Enterprises' motion to clarify, on October 26, 2011, the trial court amended this judgment entry to grant Kimberly and Spring Fresh's motion to vacate judgment.

## Motion to Vacate Judgment – Civ.R. 60(B)

**{¶20}** In its sole assignment of error, Volo Enterprises argues:

**{¶21}** "The trial court abused its discretion in granting Appellees Kimberly Fiore & Spring Fresh Professional Cleaning Services, Inc.'s motion to vacate judgment."

**{¶22}** Civ.R. 60(B) provides in relevant part:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.

**{¶23}** "In order to prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), the movant must demonstrate: (1) a meritorious claim or defense; (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) timeliness

of the motion." *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988), citing *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), at paragraph two of the syllabus. *See also Strack v. Pelton*, 70 Ohio St.3d 172, 174, 637 N.E.2d 914 (1994). "These requirements are independent and in the conjunctive; thus the test is not fulfilled if any one of the requirements is not met." *Id.*

**{¶24}** When reviewing a trial court's decision regarding a Civ.R. 60(B) motion, an appellate court will not reverse that decision unless the trial court abuses its discretion. *State ex rel. Russo v. Deters*, 80 Ohio St.3d 152, 153, 684 N.E.2d 1237 (1997). An abuse of discretion implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *Id.*

**{¶25}** Volo Enterprises does not contest that Kimberly and Spring Fresh timely filed their motion to vacate judgment. Volo Enterprises does assert that Appellees did not demonstrate a meritorious defense because Appellees' argument that they did not have a business relationship with Volo Enterprises is directly contrary to the pleadings. Furthermore, Volo Enterprises contends that while Appellees argue that this matter should be decided on the merits, the trial court did decide this matter on the merits following a bench trial where testimony and exhibits were offered.

**{¶26}** "A meritorious defense exists when the movant specifically alleges operative facts that support a defense to the judgment." *Kadish, Hinkel & Weibel Co., L.P.A. v. Rendina*, 128 Ohio App.3d 349, 352, 714 N.E.2d 984 (8th Dist.1998). The movant bears the burden of demonstrating a meritorious defense. *Rose Chevrolet, Inc.* at 20. In order to satisfy that burden, the movant must merely allege operative facts which would support a meritorious defense, not prove that he or she will prevail on that defense. *Id.*

**{¶27}** While Appellees allege that they never had a business relationship with Volo Enterprises, Defendants' answer contradicts this claim. In paragraph one of the amended complaint, Volo Enterprises alleged that "Defendants [Daniel], [Kimberly], [Spring Fresh], and Amcon, entered into possession of [the premises] as tenants under a month-to-month tenancy." In the Defendants' answer, they stated: "Now come the Defendants [Daniel], [Kimberly], [Spring Fresh], and Amcom and hereby answer Plaintiff's claim as

follows: 1. Defendants admit the allegations in paragraph 1 * * * of the amended complaint." Furthermore, although Appellees claimed that no renovations to the premises were made on their behalf, in the counterclaim, the Defendants alleged that the parties entered into a verbal agreement for repairs and improvements to the premises. Appellees' motion to vacate does not explain why their alleged meritorious defense is contradictory to their answer and counterclaim.

**{¶28}** The trial court did not abuse its discretion in finding that Appellees established a meritorious defense to Volo Enterprise's complaint. The trial court held a hearing on Appellees' motion to vacate before ruling on that motion. The September 30, 2011 judgment entry reveals that both parties' attorneys were present for this hearing, but it does not specify if any evidence or testimony was introduced. Volo Enterprises has not filed a transcript of this hearing nor has it provided an App.R. 9(C) or (D) statement.

**{¶29}** "Upon appeal of an adverse judgment, it is the duty of the appellant to ensure that the record, or whatever portions thereof are necessary for the determination of the appeal, are filed with the court in which he seeks review." *Rose Chevrolet, Inc.* at 19. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980).

**{¶30}** Accordingly, because Volo Enterprises has failed to file a transcript of the hearing or an appropriate alternative, this court must presume that evidence presented at the hearing supported the trial court's judgment that Appellees demonstrated a meritorious defense.

**{¶31}** Volo Enterprises next argues that Appellees did not establish that they were entitled to relief based on excusable neglect. This court has previously explained the definition of excusable neglect:

> As the Supreme Court has stated, the concept of excusable neglect is an
> elusive one that is difficult to apply and define. *Kay v. Marc Glassman, Inc.*

(1996), 76 Ohio St.3d 18, 20, 665 N.E.2d 1102. Thus, the Court vaguely defines it in the negative by saying that neglect is not excusable if it represents complete disregard for the judicial system. *Id.* The reviewing court must take into consideration all surrounding facts and circumstances in determining whether an instance of neglect is excusable. *Fifth Third Bank v. Perry*, 7th Dist. No. 03 MA 100, 2004-Ohio-1543, ¶ 15.

**{¶32}** The record shows that notice of the February 25, 2011 trial was sent to Attorney Sinclair, not to Appellees. None of the Defendants attended the trial, but Attorney Sinclair made a motion for continuance, which was denied. The record shows that the summons for the debtor's examination was served to Kimberly via residence service, although she claims that she did not receive this summons because she was no longer living at that residence. Kimberly did receive personal service of the show cause hearing on July 13, 2011, although she still failed to attend the August 4, 2011 hearing.

**{¶33}** Additionally, although Appellees alleged in their motion to vacate that they were entitled to relief based upon mistake, inadvertence or excusable neglect, the trial court's September 30, 2011 judgment entry does not specify what ground for relief upon which it granted Appellees' motion to vacate. Appellees argue in their brief that even if they cannot demonstrate excusable neglect, they are entitled to relief under Civ.R. 60(B)(5), any other grounds for relief. While they did not argue this in their motion to vacate, it is unclear whether this ground for relief was raised during the hearing.

**{¶34}** Again, based on Volo Enterprises' failure to file a transcript of the hearing, this court presumes the regularity of the trial court's proceedings in finding a ground for relief from judgment. *Knapp* at 199. Therefore, in light of Volo Enterprises' failure to file a transcript of the hearing on the motion to vacate, this court finds that the trial court did not abuse its discretion in granting Appellees' motion to vacate judgment.

**Conclusion**

**{¶35}** In sum, Volo Enterprises' argument is meritless. The trial court held a hearing on Appellees' motion to vacate judgment, but Volo Enterprises has failed to file a transcript of that hearing or a reasonable alternative. Without a transcript of the hearing,

this court must presume the validity of the trial court's proceedings in granting the motion to vacate. Accordingly, Volo Enterprises' assignment of error is meritless and the judgment of the trial court is affirmed.

Donofrio, J., concurs.

Vukovich, J., concurs.